J. H. N. BRENDLE by his guardian v. A. J. HERRON and others.

*Ejectment—Infancy—Equity—Consideration—Purchaser,*
*for value and without notice.*

A deed to the plaintiff (a minor) was delivered to his father to keep for him, and a few days thereafter, in pursuance of a certain arrangement intended to give ease and favor to the father, the deed was destroyed without having been registered, and the land conveyed by the same grantor to the defendant; *Held,* in an action for the land, &c. (1) The plaintiff, being an infant, was incapable of parting with the estate conveyed, or of assenting to the destruction of the deed. (2) Equity will restore the plaintiff to the position he was in before the destruction of his muniment of title. (3) Payment of the land by relatives of the plaintiff, is a sufficient consideration to support the conveyance. (4) To entitle the defendant to priority over the plaintiff, he must show that he is not only a purchaser for value, but also without notice of the plaintiff's equity.

(*Tolar* v. *Tolar*, 1 Dev. Eq., 456; *Plummer* v. *Baskerville*, 1 Ired. Eq., 252; *Walker* v. *Coltraine*, 6 Ired. Eq., 79; *Crump* v. *Black, Ib.*, 321; *May* v. *Hanks*, Phil. Eq., 310, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of HAYWOOD Superior Court, before *Gilliam, J.*

The plaintiff seeks to have the defendant, Herron, declared a trustee to his use of the legal title of a certain parcel of land, and to set up a lost deed to the same and to recover the possession thereof.

The facts upon which the rights of the parties depend, and which seem not to be controverted, are as follows:

In 1866, the father of the plaintiff was seized of a tract of land, and in December of that year conveyed one-half thereof (it being the parcel now in controversy) to the plaintiff, then an infant of tender years, and the other he conveyed by distinct deeds to his two daughters, then both married women.

At that time he was sued in an action for slander, brought by one Salinda Parris, since intermarried with one T. D. Welsh, and it is conceded that these conveyances to his children were made with the intent to delay the plaintiff in that action, in case it resulted adversely to him.

In 1867, the said Salinda recovered judgment for the sum of two hundred and fifty dollars and the costs, and caused execution to issue, and the whole of the land to be sold on the 2d day of October, 1869, when the said Welsh, with whom she had intermarried, bid off the same at the price of ten dollars, and had his bid credited upon the judgment, and took a deed from the sheriff to himself for all the land conveyed in the three deeds to plaintiff and his sisters.

On the first day of October, 1870, in consequence of an arrangement made with the adult members of the family, the said Welsh, without the joinder of his wife, executed deeds to the plaintiff and his two sisters for the same parcels of land (that had been hitherto conveyed to them respectively by their father), in consideration of the sum of five hundred dollars, secured to him by the bond of the husbands of the plaintiff's two sisters, and the sum of one hundred dollars in cash to cover the costs of the slander suit—the plaintiff then being some thirteen years of age, and his deed being delivered to his father to be kept for him.

Twelve days thereafter, these last recited deeds, without having been registered, were destroyed, in pursuance of another arrangement intended to give ease and favor to the plaintiff's father, and to which his said father, his two sisters and their husbands, the said Welsh and the defendant, Herron, were parties; and thereupon the entire tract of land, embracing the three distinct tracts, was conveyed to the defendant, Herron, by a deed signed by Welsh and his wife, the plaintiff's sisters and their husbands, and his father, the consideration of which was $3,400, of which $600 was to go to Welsh to cover the costs of the slander suit, and the sum secured to him as the consideration of the deeds he had made to the parties; $700 to each of the sisters for

their respective lots of land, and $1,400 to the plaintiff for his lot—this last deed to the defendant being duly proved and registered.

On the trial a single issue was submitted to the jury, who found that the deed from Welsh to the plaintiff, dated October 1st, 1870, conveyed an estate in fee to him, and thereupon the court declared the rights of the parties to be:

1. That the defendant, Herron, has a lien on the land in controversy for the sum of $300—being the one-half of the sum agreed to be paid to Welsh, as the consideration for his deeds of October 1st, 1870, and which, under the subsequent arrangement, the said defendant paid.

2. That upon the payment of such sum, with interest from the 12th day of October, 1870, the said defendant should be deemed to be a trustee of the legal title of said land for the use of the plaintiff, subject however, to the dower right of Mrs. Welsh, in case she should outlive her husband, which right the defendant had acquired under his deed of the 12th of October, 1870, to which she was a party.

The defendant, Herron, appealed from this judgment.

No counsel for plaintiff.
*Messrs. J. M. Gudger* and *Armistead Jones,* for defendant.

RUFFIN, J.   What the exact nature of that estate is, which a bargainee in a deed of bargain and sale acquires upon the execution and before the registration of his deed, and whether he can, by a simple act of surrender or of cancellation of the unregistered instrument, unaccompanied with any written agreement, determine that estate, and revest it in the bargainor, seem to be still vexed questions in this state, and the authorities with reference to them hopelessly irreconcilable.   But important as they may be, and desirable as it is that they should be put upon a more certain footing than they now occupy, it is not necessary, and therefore not proper, that we should assume that task in the

49

present case, since, irrespectively of them, the court thinks the plaintiff clearly entitled to the relief he seeks in the action.

That some estate, of some sort, vested in him upon the execution of the deed by Welsh on the 1st of October, 1870, and its delivery to his father for him; and that, being an infant, he was incapable of parting with that estate, or of assenting to the destruction of the deed under which he took—and that no one could lawfully do so for him—are all propositions that admit of no argument against them.

Whatever, then, the nature of his estate may have been, it still abides, unimpaired, in the plaintiff; and it is in order that he may be in a condition to assert it, that the court of equity will restore him to the position he was in before the unwarranted destruction of his muniment of title.

In *Tolar* v. *Tolar*, 1 Dev. Eq., 456, and in *Plummer* v. *Baskerville*, 1 Ired. Eq., 252, it is said, that whenever a deed which has been once duly delivered is improperly withheld from registration, a court of equity will compel its production for that purpose, or, if destroyed, will have its place supplied by another.

In *Walker* v. *Coltraine*, 6 Ired. Eq., 79, the jurisdiction of the court in such case is said to be founded purely in the fact, that certain rights were acquired by the delivery of the deed, which by its destruction are obstructed.

It is no answer to this right of the plaintiff to be put *in statu quo*, to say, as was said in the argument, that he himself paid nothing as the consideration of the deed made to him by Welsh, and that, having nothing but a bare equity, he should be postponed to the superior title of the defendant, who has paid the full consideration called for in his deed, and withal has acquired the legal estate.

In the first place, the promises of the plaintiff's brothers-in-law to pay the purchase money to Welsh, evidenced by their bonds to him, constituted a consideration amply sufficient under the statute of uses to support the conveyance to the plaintiff. In 2 Saunders on Uses, 58, it is declared that the consideration of a

deed of bargain and sale need not be paid upon the execution of the instrument, nor by the party to whom it is made, but that it will suffice, if secured to be paid at a future day, and by another on his account; and as to the priority asserted for the defendant on account of his having secured the legal estate, it is sufficient to say, that he acquired it, as well as his equitable estate, not only with a knowledge of the plaintiff's claim, but in pursuance of a tortious agreement, made with the party intrusted with the plaintiff's deed, for its destruction, and it would be contrary to every principle which should obtain in a court of equity, to permit him thus to take advantage of his own wrong, and thereby acquire precedence over the older and *bona fide* claim of the plaintiff. To entitle himself to such a priority, as is claimed for him, he must show, not only that he is a purchaser for value, but one without notice. See *Crump* v. *Black*, 6 Ired. Eq., 321, and *May* v. *Hanks*, Phil. Eq., 310.

This court can perceive no error therefore in the judgment of the court below, of which the defendant Herron can complain, and the same must be affirmed.

As to how far the plaintiff, when restored to the legal title in the land, may be affected with a trust in favor of Mrs. Welsh, by reason of the fact that it was originally purchased with her judgment against the plaintiff's father constituting her separate property, is a matter we have not considered upon this appeal. So far as we can discover from the record, it was not made a point upon the trial, by either party, and no issues were submitted, or instructions asked, with reference to it; and if there had been, it could avail nothing, since the defendant sets up no such defence in his answer, but professes to meet the plaintiff squarely upon the single issue as to their respective titles acquired under the deeds from Welsh. It would then be a case of " proof without allegation," which, as said in *May* v. *Hanks, supra*, " is no better than allegation without proof."

No error. Affirmed.