J. H. N. BRENDLE v. A. L. HERREN et als.

/

*Practice—Final Judgment.*

1. After final judgment disposing of the rights of the parties, it is too late to introduce a new cause of action into the controversy.

2. So, in an action to have the holder of the legal title declared a trustee, it is too late after final judgment to ask for an account of the rents and profits.

(*Pearson* v. *Carr,* ante, 194, cited and approved).

MOTION in the cause, heard by *Gilmer, Judge,* at Spring Term, 1885, of HAYWOOD Superior Court.

In the progress of the cause, and after the admission of an interplea of T. D. Welch and some changes in the form of the action, at Fall Term, 1882, of the Superior Court of Haywood county, an issue in this form was submitted to and a response returned by the jury:

What estate did the deed from T. D. Welch, dated October 1st, 1870, convey to Newton Brendle? Absolute?

Answer, yes; not absolute.

Thereupon it was adjudged by the Court:

I. "That the defendant A. L. Herren has a charge and lien upon the land sued for, for the sum of $300.00, with interest on the same from the 12th October, 1870, and that he hold said land until the same is satisfied and paid.

II. "That upon payment of said sum with interest as above provided, the said defendant A. L. Herren is hereby declared a trustee for the plaintiff in respect to said land, for and during the life of T. D. Welch.

III. "That upon his death, and subject to the right of dower of Selina Welch therein, of the land which the said defendant acquired by the deed of October 12th, 1870, he is hereby declared to be trustee for the plaintiff of an absolute

17*

estate in fee simple in the remainder, and that he convey the same by sufficient deed.

IV. " That the plaintiff recover the costs of the action; and that this judgment be enrolled."

From this judgment the defendants appealed, and upon the hearing in this Court it was affirmed. *Brendle* v. *Herren*, 88 N. C., 383, where the nature and object of the action are set out in the opinion.

Upon the return of the certificate of the clerk of this Court, at Fall Term, 1884, a motion of plaintiff was entered for an order of reference and the framing of an issue to ascertain if anything be due him on account of rents and profits received by the defendant in possession.

The motion was supported by an affidavit of an agent of the plaintiff, in which are set out what occurred at the trial, and the action of the Judge in reference to the demand of plaintiff's counsel for rents, and the ruling thereon. At the same time, the plaintiff filed his petition for an amendment or modification of the previous judgment, so as to let in an inquiry into the liability of the defendant for rents and profits during his occupation. The application and the facts stated in the affidavit, were controverted in an opposing verified answer of the defendants.

At Fall Term, 1884, the following judgment was entered:

" The plaintiff moved that the case be referred to the clerk to take an account of the rents and profits, and for a writ of assistance upon the coming in of said report, which motion, being debated by counsel and heard by the Court, upon the pleading in the cause and the judgment heretofore rendered, is refused. From this ruling plaintiff appeals."

*Mr. T. F. Davidson*, for the plaintiff.
*Mr. Armistead Jones*, for the defendants.

SMITH, C. J., (after stating the facts). The application is not merely for rents accruing since the rendering upon its

merits, but to change the judgment itself, and open up the general inquiry as to rents, including those with which the defendant is chargeable before. The appropriate time to institute the inquiry was after verdict and before judgment. The orderly and usual mode of proceeding, is to have all the facts ascertained, and before the Court where the action is to be disposed of, and the rights of the parties settled by the final adjudication. This was not done, but the rights of the contestants declared, the plaintiff being entitled to a conveyance of the legal estate on payment of the sum due the defendant and subject to the contingent claim of dower. The payment to the defendant must precede the transfer of title, and now it is proposed to extinguish the debt by proof of the reception of rents sufficient to discharge it.

We concur with the Court, that the judgment ought not, if the power was possessed to do so, to be disturbed after so long an interval, and after its affirmation in the appellate Court.

It is manifestly too late after such action, to re-open the controversy by introducing a new element of strife, after a final adjudication.

In *Pearson* v. *Carr*, at this Term, we have so ruled.

This does not deprive the plaintiff of seeking compensation for rents accruing *since the judgment*, inasmuch as they were not recoverable in this action, and are not concluded in its rendition.

In our examination of the voluminous transcript sent up, much of it wholly needless, in order to a full understanding of the matter of appeal, we may have overlooked some part in the case, but the summary rehearsal of the proceedings we have given, is enough to explain the grounds upon which the ruling below is sustained. There is no error, and the judgment is affirmed.

No error.                                        Affirmed.