A. O. NEWBERRY ET AL. v. MEADOWS FERTILIZER COMPANY, DAVISON CHEMICAL COMPANY, AND C. WILBUR MILLER.

(Filed 19 October, 1932.)

1. **Garnishment D a—Upon payment of debt or delivery of property to defendant the garnishee may be liable to the plaintiff.**

   After a writ of garnishment is served on the garnishee it is his duty to retain possession of the property or of the debt attached or to deliver the property or pay the debt to the officer serving the writ, and the garnishee delivers the property to the owner or pays the debt to his creditor at his peril and may be held liable to the plaintiff therefor upon his recovery of judgment against the defendant.

2. **Attachment A c—All property in this State owned by nonresident defendant is subject to attachment in action under C. S., 798.**

   Under our statute all property in this State, real or personal, tangible or intangible, owned by a nonresident defendant in an action to recover on any of the causes of action included within C. S., 798, is liable to attachment. C. S., 816.

3. **Attachment E b—Plaintiff has lien on property possessed or levied on under attachment where statute has been complied with.**

   Where the officer has served a writ of attachment by taking into his possession tangible personal property or by collecting debts due the defendant under orders of court, or by levying on the real estate of the defendant, and has complied with the applicable provisions of the statute, the plaintiff has a lien on such property which is enforceable against all subsequent purchasers from the defendant. C. S., 807.

4. **Garnishment D b—No lien attaches to any specific property upon attachment of intangible property in hands of third person.**

   Where a warrant of attachment and writ of garnishment is served on a corporation or debtor to attach shares of stock in the corporation or a debt due the defendant, such third person shall be summoned as garnishee, C. S., 819, but no lien attaches to any specific property of the garnishee until the issuance of execution on the judgment and proceedings to enforce such execution.

5. **Garnishment E c—Where garnishee has paid debt to defendant court may not order defendant to return sum to court's jurisdiction.**

   The service of a writ of garnishment on debts due the defendant or shares of stock owned by him does not create a lien on any specific prop-

erty in the hands of the garnishee, and where the garnishee has paid the debt to the defendant after the service of the writ, the court may not order that the defendant return such sum to the jurisdiction of the court.

**6. Same—Court may order garnishee not to make further payments to defendant pending final determination of action.**

Where the court has found that the garnishee has paid part of the debt attached to the defendant after the service of the writ of garnishment and that there remains a part of the debt attached still due the defendant, the court may enjoin the garnishee from making further payments to the defendant until the final determination of the action. C. S., 843; but the defendant and the garnishee may move that the plaintiff's bond be increased to fully protect them against loss resulting from the injunction.

APPEAL by defendants and certain garnishees from *Frizzelle, J.,* at Chambers in Snow Hill, N. C., on 13 August, 1932. Modified and affirmed.

This action was begun by summons issued on 30 June, 1931, and thereafter duly served on the defendants. Plaintiffs prayed judgment on the causes of action alleged in the complaint that they recover of the defendants the sum of $1,500,000, as damages for breach of contract, and wrongful conversion of personal property. Defendants by answers duly filed, denied the allegations of the complaint which constitute the causes of action on which plaintiffs prayed judgment, and prayed judgment that the action be dismissed. The action has not been tried on the issues raised by the pleadings.

The defendant, Davison Chemical Company, is a corporation, with its principal place of business in the city of Baltimore, in the State of Maryland. The said defendant is a nonresident of this State. The garnishees, Meadows Fertilizer Company and Eastern Cotton Oil Company, are corporations organized under the laws of the State of North Carolina. They are both residents of this State.

In attachment and garnishment proceedings instituted in this action by the plaintiffs at the date of the summons, the indebtedness of the Meadows Fertilizer Company in the sum of $366,103.80, and the indebtedness of the Eastern Cotton Oil Company in a sum not exceeding $1,500,000, to the nonresident defendant, Davison Chemical Company, was attached and levied on by notices served on said garnishees pursuant to the order made in the action and dated 8 August, 1931. Thereafter the action was heard by the Honorable J. Paul Frizzelle, resident judge of the Fifth Judicial District, at Chambers in Snow Hill, North Carolina, on 13 August, 1932, when and where an order was made in the action as follows:

"This cause coming on to be heard, and being heard by his Honor, J. Paul Frizzelle, upon motion of plaintiffs, after notice, as appears in the record, returnable at Snow Hill, North Carolina, on 2 July, 1932, and after continuance on motion of counsel for defendants until 6 July, at Snow Hill, when and where the Meadows Fertilizer Company, defendant and garnishee, the Eastern Cotton Oil Company, garnishee, and the defendants, Davison Chemical Company and C. Wilbur Miller, each, appeared through counsel, and upon answers filed to said motion, evidence was heard by the court, and from such evidence the court finds the following facts:

1. That on 30 June, 1931, this action was instituted, and that concurrent with the issuance of summons, writs of attachment were issued against the Davison Chemical Company, a nonresident corporation, and the said writs were duly served upon the Meadows Fertilizer Company and upon the Eastern Cotton Oil Company, North Carolina corporations, and that publication of the warrant of attachment and summons were duly made in accordance with the statute, and in accordance with the order of the Superior Court of Craven County.

2. That in addition to the writs of attachment, there also issued orders and notices of garnishment, the same being duly served upon the Meadows Fertilizer Company and upon the Eastern Cotton Oil Company.

3. That upon the return day of said notices and orders of garnishment, neither the Meadows Fertilizer Company, nor the Eastern Cotton Oil Company appeared, and that, thereupon, the clerk of the Superior Court of Craven County entered conditional judgments as provided by statute against said garnishees, and in favor of the plaintiffs. That thereafter, the Meadows Fertilizer Company, garnishee, appeared and moved to vacate said conditional judgment, and disclosed under oath its indebtedness to Davison Chemical Company in the sum of $366,-103.80, and further disclosed that 3,494 shares of its capital stock were outstanding on its books in the name of the Davison Chemical Company, and further disclosed that one share of its capital stock was outstanding on its books in the name of C. Wilbur Miller, being all of its capital stock except five shares.

4. That the Eastern Cotton Oil Company, garnishee, appeared and moved to vacate said conditional judgment, and disclosed under oath its indebtedness to Davison Chemical Company in the sum of $2,550,-659.21, and further disclosed that 13,305 shares of its capital stock were outstanding on its books in the name of the Davison Chemical Company, and one share in the name of C. Wilbur Miller, being all of its capital stock except ........ shares.

5. That it further appeared that the indebtedness due from the respective garnishees was by open account, and by custom was payable in December, 1931.

6. That thereupon the clerk of the Superior Court of Craven County entered an order modifying the conditional judgments theretofore entered, and decreed a lien in favor of the plaintiffs and against the garnishees on the amount of money due from said garnishees to the defendant, Davison Chemical Company, and upon the capital stock in the respective corporations outstanding in the names of the Davison Chemical Company and C. Wilbur Miller.

7. That in June, 1932, the plaintiffs were informed that the respective garnishees had paid to the Davison Chemical Company all their collections which were applied by the Davison Chemical Company, with the consent and direction of said garnishees, upon the indebtedness owing to the Davison Chemical Company at the time of the levy of said writ of attachment and garnishment. That upon the hearing of this cause on 6 July, the plaintiffs caused the books of the Meadows Fertilizer Company, and of the Eastern Cotton Oil Company to be produced by subpœna, and said books disclosed that subsequent to the levy of said attachments and writs of garnishment, the Eastern Cotton Oil Company had paid to the Davison Chemical Company, or for its account, applicable to said indebtedness, the sum of $749,960.52, and that the Meadows Fertilizer Company had, since the levy of said writ of attachment and garnishment, paid to the Davison Chemical Company, or for its account, the sum of $134,579.48, which said amounts are over and above the repayment of advances made to the said garnishees by the Davison Chemical Company, and purchases since the levy of said attachments. That E. F. C. Metz is the nominal president of the Meadows Fertilizer Company, and has one share of its capital stock, and that J. V. Champion, is the nominal president of the Eastern Cotton Oil Company, and has one share of its capital stock, which said share was transferred to each as qualifying stock by the defendant, Davison Chemical Company, and for which no consideration passed from the said Metz and the said Champion. That the remainder of the officers and directors of the respective garnishees are the nominees, employees, directors or officers of the Davison Chemical Company, with the exception of one director of the Eastern Cotton Oil Company, and that a majority of such officers are residents of Baltimore, Maryland, where most of the directors' meetings of said respective garnishees are held, and that by order of the directors so nominated by the Davison Chemical Company, at meetings, which it appears were not attended by the said Metz or the said Champion, rules were prescribed by which all funds

received by the Meadows Fertilizer Company and the Eastern Cotton Oil Company from their customers should be deposited in a bank account designated Account No. 1, subject only to check drawn by the officers of said respective corporations resident in Baltimore, who were the officers, servants, agents or employees of the Davison Chemical Company. That since October, 1931, all payments made to Davison Chemical Company by the Meadows Fertilizer Company and by the Eastern Cotton Oil Company were made by checks drawn in Baltimore in the office of the Davison Chemical Company by the said nonresident officers of the respective garnishees.

8. That the Meadows Fertilizer Company is seized of a fertilizer plant and one or two farms in Craven County. That the Eastern Cotton Oil Company is seized of five fertilizer plants in five several counties in North Carolina, and some scattered farms. That the Meadows Fertilizer Company is now unable to pay, and the Eastern Cotton Oil Company is now unable to pay, the remainder of the respective debts due the Davison Chemical Company.

9. That the Davison Chemical Company is heavily indebted to a group of banks, which said indebtedness has been existent for a number of years, and which it has been unable to pay. During the current year it paid on said debt only approximately the same amount of money that it took from the Meadows Fertilizer Company and the Eastern Cotton Oil Company, subsequent to the service of the writs of attachment and garnishment, but that there still remains due said banks many million dollars, which it is unable to pay.

10. That the Davison Chemical Company, in addition to the debt to its bank creditors, is endorser or guarantor upon the bonds of a corporation known as the Silical Gel Corporation to the amount of $1,700,000, which said bonds mature on 1 October, 1932, and that the Silical Gel Corporation will be unable to pay said bonds at maturity, and that said Silical Gel Corporation has heretofore been wholly dependent upon the Davison Chemical Company for its financial support.

11. That on or about 1 October, 1931, upon the suggestion of the group of creditor banks of the Davison Chemical Company, the said defendant elected to its board of directors representatives of said bank creditors, and of the bond holders of the Silical Gel Corporation, including the appointment of Henry Triede as executive vice-president, which office he continues to hold, by which such bank creditors dominate the acts and policies of the Davison Chemical Company.

12. That the Eastern Cotton Oil Company and the Meadows Fertilizer Company are each wholly controlled subsidiaries of the Davison Chem-

ical Company, and that their acts and policies are determined by the officers, agents, servants and employees of the Davison Chemical Company.

13. That unless the Davison Chemical Company is required to restore to the jurisdiction of this court, the funds taken by it from the respective garnishees since the levy of said writs of attachment and garnishment, any recovery that plaintiffs obtain in this action may be wholly lost to them.

Upon the foregoing findings of fact, and upon all the evidence, the court concludes, and thereupon it is adjudged and decreed:

1. That the Davison Chemical Company shall immediately return to the jurisdiction of this court the sum of $885,540, so wrongfully taken, had and received from Meadows Fertilizer Company and Eastern Cotton Oil Company, garnishees, since the levy of said writs of attachment and notices and orders of garnishment issued by this court.

2. That said money shall be paid into the hands of D. L. Ward, who is hereby appointed the officer of this court, for the following purposes:

(a) To demand, sue for, collect, receive and take into his possession the sums so ordered to be paid by the Davison Chemical Company, amounting to $885,540.

(b) To institute suit or suits, or actions at law or in equity, in his own name as receiver of this court, or in the name of plaintiffs, in this action, in the jurisdiction of this court, or in any foreign jurisdiction.

(c) To safely hold the funds so collected by him pending the further orders of this court.

3. The said D. L. Ward, as officer and appointee of this court, shall give a bond in the sum of $5,000 for the faithful performance of the duties hereby imposed upon him. He shall immediately report to the court any and all sums received or collected by him in order that the court may, in its discretion, require such further and additional bond, and for the further purpose that the court may direct the deposits and investments of said funds.

4. That the plaintiffs have and recover of the Meadows Fertilizer Company, as garnishee, the sum of $366,103.80, to be discharged upon payment by the Davison Chemical Company of the amount of any recovery decreed against the Davison Chemical Company in this action.

5. That the plaintiffs have and recover of the Eastern Cotton Oil Company, as garnishee, the sum of $1,500,000, to be discharged upon the payment by the Davison Chemical Company of the amount of any recovery decreed against the Davison Chemical Company in its action.

6. That the Meadows Fertilizer Company, as garnishee, and the Eastern Cotton Oil Company, as garnishee, are hereby restrained and

enjoined from making any further payments to the Davison Chemical Company on the amounts due the Davison Chemical Company at the time of the institution of this action, and until its final determination, but this provision shall not be construed to prevent said Eastern Cotton Oil Company and said Meadows Fertilizer Company from purchasing from the Davison Chemical Company, or receiving advances in the ordinary conduct of its business, and to pay therefor out of their collections made in the ordinary course of their business.

7. That the sums paid by the Davison Chemical Company into the hands of D. L. Ward shall be credited *pro tanto* to the discharge of the lien decreed against Meadows Fertilizer Company and Eastern Cotton Oil Company, garnishees.

8. That upon the receipt of said funds by the said D. L. Ward from the Davison Chemical Company, upon his demand or by suit, the plaintiffs herein shall execute a good and sufficient bond, to be approved by the clerk of the Superior Court of Craven County, in the sum of $50,000, conditioned to pay to the Meadows Fertilizer Company, as garnishee, and the Eastern Cotton Oil Company, as garnishee, any and all damages, which the court may decree that said Meadows Fertilizer Company and/or said Eastern Cotton Oil Company, as garnishees, may have sustained by reason of the entry of this order.

This 13 August, 1932.

J. PAUL FRIZZELLE, *Resident Judge, etc.*"

The defendants and the garnishees duly excepted to the foregoing order, and appealed therefrom to the Supreme Court.

*W. B. R. Guion, Ernest M. Green and R. E. Whitehurst for plaintiffs.*
*L. I. Moore and Kenneth C. Royall for defendants.*

CONNOR, J. On an appeal by defendants from a judgment in this action at September Term, 1932, of the Superior Court of Craven County, overruling their demurrer to the complaint filed by the plaintiffs, on the grounds stated in said demurrer, the judgment was affirmed. *Newberry v. Fertilizer Co.,* 202 N. C., 416, 163 S. E., 116. It was held by this Court that the allegations of the complaint are sufficient to show a series of transactions, the result of a general scheme, participated in by the defendants, and resulting in damages to the plaintiffs, which they are entitled to recover of the defendants, jointly and severally. The judgment was affirmed on the authority of *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524.

On this appeal, the defendant, Davison Chemical Company, and the garnishees, Meadows Fertilizer Company and Eastern Cotton Oil Company, contend that there is error in the order of Judge Frizzelle, entered

in this action, at Chambers in Snow Hill, North Carolina, on 13 August, 1932, (1) for that by said order the defendant, Davison Chemical Company is required to return to the jurisdiction of the Superior Court of Craven County, the sum of $885,540, this amount being the sum which was paid to said defendant by the garnishees on their respective indebtedness to said defendant, after such indebtedness had been attached and levied upon by the notices served on the garnishees pursuant to the order in this action dated 8 August, 1931; and (2) for that by said order the said garnishees are restrained and enjoined from making further payments on their respective indebtedness to the defendant, Davison Chemical Company, until the final determination of the action.

No question is raised on this appeal as to the liability of the garnishees to the plaintiffs in the event that plaintiffs recover judgment in this action against the defendant, Davison Chemical Company. That question is settled by an authoritative decision of this Court. In *Tindell v. Wall*, 44 N. C., 4, it was held that payment made by a garnishee to his creditor, the defendant in an attachment and garnishment proceeding, after the service of the writ of garnishment, did not relieve the garnishee of liability to the plaintiff in the action in which the writ of garnishment was issued. In such case, the payment is made by the garnishee at his peril, for it is the duty of a garnishee to retain possession of the property or of the debt attached, or to deliver the property or pay the debt to the officer who has served the writ of garnishment on him. If pending the garnishment proceeding, the garnishee delivers the property to the owner, or pays the debt to his creditor, he does so at his own risk, and is not relieved of liability to the plaintiff in the proceeding upon his recovery of judgment against the defendant, 28 C. J., 261.

The first contention on this appeal presents the question as to whether the plaintiffs had a lien on the money which the garnishees paid to the defendant, after the service of the writ of garnishment. If plaintiffs had no lien on this money, at the time it was paid to the defendant by the garnishees, this contention must be sustained; otherwise, there is no error in the order by which the defendant, Davison Chemical Company, is required to return the money which it received from the garnishees, as voluntary payments on their indebtedness to the said defendant.

By express statutory provision, all property in this State, whether real or personal, tangible or intangible, owned by a nonresident defendant in an action to recover on any of the causes of action included within the provisions of C. S., 798, is liable to attachment. C. S., 816.

The officer to whom the warrant of attachment is directed and delivered is required to seize and take into his possession the tangible

personal property of the defendant, or so much as is necessary, and he is liable for the care and custody of such property as if it had been seized under execution. He shall levy on the real estate of the defendant as prescribed for executions. He shall make and return with the warrant an inventory of the property seized or levied on, and subject to the direction of the court, he shall collect all debts owing to the defendant, and take such legal proceedings in his own name or in that of the defendant, as are necessary for that purpose. C. S., 807. When the officer has served the warrant of attachment by taking into his possession the tangible personal property of the defendant, or by collecting the debts due the defendant, under the orders of the court, or by levying on the real estate of the defendant, and has complied with the provisions of the statute, with respect to the inventory, and the certificate to the clerk of the Superior Court, the plaintiffs have a lien on such property, which is enforceable against all subsequent purchasers from the defendant.

When the property of the defendant which the officer is ordered to attach consists of intangible personal property—as shares of stock in a corporation, or debts due by a debtor, he shall serve the warrant of attachment and the writ of garnishment by leaving certified copies of the warrant and of the writ, with the president or other head of the corporation, or with the debtor, with a notice showing the property levied on. C. S., 817. When the officer serves a warrant of attachment and a writ of garnishment on a person supposed to be indebted to the defendant in the action, he shall at the same time summon in writing such person as garnishee. C. S. 819. Judgment may thereafter be rendered in favor of the plaintiff and against the garnishee for the amount of the debt due by the garnishee to the defendant in the action. No lien is acquired by the rendition of the judgment against any specific property of the garnishee, which is applicable to the payment of the debt. A lien can be acquired against such property, only by the issuance of an execution on the judgment, and by proceedings to enforce the execution.

It has been said that "it would seem that unless the statutes expressly so provide, the service of a writ or summons in garnishment or trustee process does not in a strict sense create a lien upon any specific property in the hands of the garnishee or trustee, but gives rise only to a contingent personal liability to respond therefor to any judgment which may thereafter be recovered by plaintiff against defendant. However, the right acquired by plaintiff is frequently described as a lien, or an equitable lien, or *quasi* lien, or as an inchoate lien, which must be perfected by judgment against the garnishee; more accurately, it is a specific right conferred upon plaintiff to the indebtedness or property for

the payment of this claim over and above more general creditors. But it constitutes a lien in the sense that so long as it continues and the garnishee seeks to preserve his own rights, he cannot pay to the principal defendant, nor can the principal defendant collect the debt from him. However, in some jurisdictions, it is expressly provided by the statutes that the service of garnishment shall create a lien." 28 C. J., 252.

In the instant case, no execution had been served on the garnishees, prior to the payment by them of money to the defendant, Davison Chemical Company, and, therefore, no lien had been acquired upon any specific property owned by the garnishees. The contention of appellants that there is error in the order requiring the defendant, Davison Chemical Company, to return the money to the jurisdiction of the Superior Court of Craven County must be sustained. This provision in the order and so much thereof as provides for its enforcement should be stricken from the order.

Upon the facts found by Judge Frizzelle, and set out in his order, there is no error in the other provisions by which the garnishees are restrained and enjoined from making further payments on their indebtedness to the Davison Chemical Company, until the final determination of the action. C. S., 843, subsection 2. The defendant, Davison Chemical Company, and the garnishees may move in the Superior Court of Craven County, at any time, that the bond required of the plaintiffs shall be increased in amount, to the end that said defendant and the garnishees shall be fully protected against loss or damage resulting from the injunction.

The order as modified in accordance with this opinion is affirmed.

Modified and affirmed.