A. O. NEWBERRY, MERCHANTS TRANSFER AND STORAGE COMPANY, MRS. KATE McGEHEE AND MRS. AMANDA C. BLADES, v. MEADOWS FERTILIZER COMPANY, A CORPORATION; DAVISON CHEMICAL COMPANY, A CORPORATION; AND C. WILBUR MILLER.

(Filed 28 February, 1934.)

1. Appeal and Error L b—Court may declare order contrary to decision on prior appeal void ab initio.

Where a judge of the Superior Court enters a temporary restraining order in a pending cause contrary to the decision of the Supreme Court on a prior appeal of the case from an interlocutory judgment, a later order entered upon the hearing of the temporary order that such temporary order was null and void *ab initio* is not erroneous.

**2. Garnishment E a—Attachment and execution against garnishees may issue prior to final judgment against defendant.**

Defendant's property or choses in action in the hands of third persons may be attached under C. S., 798, and execution against the garnishees issued prior to final judgment against defendant, and the property held subject to the orders of the court pending final judgment. C. S., 397, 819.

**3. Same — Clerk may issue execution on judgment against garnishees without notice or hearing.**

Where judgment has been regularly entered against certain garnishees in proceedings under C. S., 798, the clerk of the Superior Court may issue execution on the judgment against the garnishees without notice or a hearing, C. S., 397, 666, 819, the statutes being construed *in pari materia.*

**4. Garnishment E b—Amount of bond required of plaintiff before judgment against garnishees is within sound discretion of court.**

Where garnishees several times move the court to increase the bond required of plaintiff before judgment against the garnishees should be rendered, and do not appeal from the court's refusal of their motions, they may not successfully contend upon a subsequent appeal from the issuance of execution on the judgments against them that the amount of the bond required of plaintiff rendered the issuance of execution oppressive and unlawful under the circumstances of the case, the amount of the bond being in the sound discretion of the trial court.

**5. Constitutional Law E a—**

C. S., 819, providing that judgment may be entered and execution awarded plaintiff against garnishees applies alike to residents and non-residents, persons and corporations, and it will not be declared unconstitutional in an action instituted long subsequent to its enactment.

**6. States A c—**

A Federal Court subsequently appointing a receiver for the property may not interfere by injunction with the processes of our courts against the property to enforce a judgment obtained against the possessors of the property in proceedings in garnishment.

APPEAL by defendant and garnishees from *Grady, J.,* at February Term, 1933, of CRAVEN. Affirmed.

Order of Judge Grady: "This cause coming on to be heard upon the petition of the defendants, duly verified, and of Meadows Fertilizer Company *et al.,* garnishees, and it appearing to the court that on 2 February, 1933, execution was issued by the clerk of the Superior Court of Craven County, based upon an order or judgment of Lacy E. Lancaster, clerk of the Superior Court, commanding the sheriffs to whom the same was directed to levy upon all of the property of the garnishees in North Carolina, and it appearing from the petition filed, prima facie, that the issuance of said executions was irregular and unwarranted in law and in fact, it is now,

Ordered that the clerk of the Superior Court of Craven County immediately recall said executions, and the sheriff or sheriffs to whom the same were directed are ordered and directed to release all property seized thereunder, until further ordered by the court.

And the plaintiffs will take notice that they are required to appear before the undersigned presiding judge of the Superior Court, in the courthouse at New Bern, N. C., at 12 o'clock noon, on Wednesday, 8 February, 1933, and show cause, if any they have, why they should not be restrained from again issuing any execution in this cause until the final hearing thereof, and the liability of the principal alleged debtor is fixed and declared by the court. 4 February, 1933.

HENRY A. GRADY, *Judge.*"

"This cause coming on to be heard before the Honorable Henry A. Grady, judge presiding in the Fifth Judicial District, at this the February Term of the Superior Court of Craven County, and being heard upon the petition of the defendant Davison Chemical Company, Eastern Cotton Oil Company and Meadows Fertilizer Company, the order to show cause issued by this court on 4 February, 1933, and the answer of the plaintiffs to said petition, upon the return day of the said show-cause order, to wit, this 8 February, 1933; and it appearing to the court that said order was improvidently issued, and that the issuance of the executions and the levies thereof by the respective sheriffs of the counties of Wayne, Halifax, Pasquotank, Perquimans, Chowan and Craven were properly made, and the property of the said garnishees in the said respective counties came lawfully into the hands of the said respective sheriffs, under said writs of execution, so properly issued from the Superior Court of Craven County on 2 February, 1933, and so levied on 3 February, 1933.

It is thereupon considered, ordered and adjudged that the writs of execution issued by the Superior Court of Craven County on 2 February, 1933, were regular, and fully warranted in law and in fact; that the levies by the said respective sheriffs, under the said respective writs, on the respective properties of the garnishees, was in all respects regular and according to the due course of law and procedure; and that the property so levied upon came duly thereupon into the possession of the said several officers of the court. That the said order of 4 February, 1933, is wholly null and void, and the direction therein to the said sheriffs to whom said writs of execution came to release all property seized under the said executions, is wholly null and void, and of no more effect than if the same had never been ordered. That so much of said order as directed the clerk of the Superior Court of Craven County to recall said executions, and the recall by the said clerk, is likewise

null and void, to the same extent as though said order had never been entered.

It is further considered, ordered and adjudged that the said respective sheriffs, to whom said writs were issued, upon redelivery or reissuance of the same to them by the said clerk of the Superior Court, shall proceed in the same manner with levies heretofore made, as if said executions had not been recalled by the court under the order which is now declared to have been void and of no effect *ab initio*.

The clerk of the Superior Court of Craven County will certify this order to the respective sheriffs to whom executions have been issued, and to the clerks of the Superior Court of the counties to which said executions were issued, and said clerks will docket the same as is required by law of other judgments.

It was agreed by all parties, through counsel, that this order might be signed out of the county and out of term to have the same effect as if entered at the hearing in the courthouse of Craven County. Done at Clinton, N. C., this 13th February, 1933, as of 8th February, 1933.

HENRY A. GRADY, *Judge Presiding in the 5th Judicial District.*

To the foregoing judgment the defendant and garnishees except and appeal to the Supreme Court; notice waived. Appeal bond fixed at $100.00. It is ordered that the court roll proper, with the petition of defendants and garnishees, order of 4th February, 1933, answer of the plaintiffs, this judgment and defendants' assignments of error shall constitute the record and case on appeal.                    GRADY, *Judge."*

"This cause coming on to be heard and being heard by his Honor, W. C. Harris, judge presiding, upon motion of the defendant, Davison Chemical Company, to require the plaintiffs to give an injunction bond to protect the defendant, Davison Chemical Company, from damages resulting from the injunction and restraining order issued herein, said motion being made in accordance with the opinion of the Supreme Court of North Carolina in this cause at the Fall Term, 1932, and upon said motion hearing was had at which it was made to appear to the court that the garnishees, Meadows Fertilizer Company and Eastern Cotton Oil Company might have funds in hand which could be applied to the debts due Davison Chemical Company but it does not appear that there are such funds now in the hands of the garnishees;

Now, therefore, it is considered, ordered and adjudged that the plaintiffs, on or before the 10th day of January, 1933, enter into a good and sufficient bond, to be approved by the clerk of the Superior Court of Craven County, North Carolina, in the sum of $25,000.00, conditioned that the plaintiff will pay to the Davison Chemical Company such

damages, not exceeding the sum of $25,000.00 as the Davison Chemical Company may sustain by reason of injunction, if the court finally decides that the plaintiff was not entitled to said injunction.

It is further considered, ordered and adjudged that the motion of the defendant, Davison Chemical Company, for the increase of the attachment bond be and the same is hereby denied.

This order is signed out of term and out of district by consent of all the parties with like effect as though signed in term and in the district.

W. C. HARRIS, *Judge Presiding."*

*Leon Tobriner, Spruill & Spruill, W. B. R. Guion, E. M. Green and R. E. Whitehurst for plaintiffs.*

*L. I. Moore and Kenneth C. Royall for defendants.*

CLARKSON, J. We think that the questions presented on this appeal have hereto been adjudicated on the former appeal in this action. *Newberry v. Fertilizer Co.,* 203 N. C., 330.

In the former appeal is the following at p. 338: "When the officer serves a warrant of attachment and a writ of garnishment on a person supposed to be indebted to the defendant in the action, he shall at the same time summon in writing such person as garnishee. C. S., 819. Judgment may thereafter be rendered in favor of the plaintiff and against the garnishee for the amount of the debt due by the garnishee to the defendant in the action. No lien is acquired by the rendition of the judgment against any specific property of the garnishee, which is applicable to the payment of the debt. A lien can be acquired against such property, only by the issuance of an execution on the judgment, and by proceedings to enforce the execution."

C. S., 819, is as follows: "When the sheriff or other officer serves an attachment on any person supposed to be indebted to, or to have any property of the defendant in the attachment, he shall at the same time summon in writing such person as a garnishee. The summons and notice shall be issued by the clerk of the Superior Court, or justice of the peace, at the request of the plaintiff, to appear at the court to which the attachment is returnable, or if issued by a justice of the peace, at a place and time named in the notice, not exceeding twenty days from date of notice, to answer upon oath what he owes to the defendant and what property of the defendant he has in his hand and had at the time of serving the attachment, and to his knowledge and belief what effects or debts of the defendant there are in the hands of any other, and what person. When an attachment is served on a garnishee in the above manner, upon his appearance and examination, judgment may be entered up and execution awarded for the plaintiff against the

garnishee, for all sums of money due the defendant from him, and for all property of any kind belonging to the defendent, in his possession or custody, for the use of the plaintiff, or so much thereof as will satisfy the debt and costs and all charges incident to levying the same. All property whatsoever in the hands of any garnishee belonging to the defendant is liable to satisfy the plaintiff's judgment, and must be delivered to the sheriff or other officer serving attachment."

The action of plaintiffs against defendants, the prayer of the complaint:

"1. That they have and recover of the defendants, jointly and severally, the sum of $1,500,000.00;

2. That the defendants, and each of them, be required to account under oath for each of the matters and things herein complained of and that the records and accounts referred to on the books of the Meadows Fertilizer Company and Davison Chemical Company and C. W. Miller, be shown to the court and to an auditor to be appointed by the court and to set up the exact and accurate figures relating to said transaction.

3. For such other and further relief as these plaintiffs may show themselves entitled to receive."

In an appeal to this Court—see *Newberry v. Fertilizer Co.,* 202 N. C., 416; *S. c.,* 203 N. C., 330, it was held: "Where the complaint alleges a series of connected transactions constituting one general scheme, participated in by the defendants, resulting in damage to the plaintiff for which he is entitled to recover of the defendants jointly and severally, the defendants' demurrer for misjoinder of parties and causes is properly overruled."

The clerk of the Superior Court of Craven County issued an execution to the sheriff of Wayne County, North Carolina, after reciting the facts against the Eastern Cotton Oil Company, garnishee: "You are therefore commanded, as often before, to satisfy the said judgment out of the personal property of the said Eastern Cotton Oil Company, garnishee, within your county; or, if sufficient personal property cannot be found, then out of the real property found in your county belonging to said Eastern Cotton Oil Company, garnishee, on the day when the said judgment was docketed in your county, or at any time thereafter, in whose hands soever the same may be; and have you this execution, together with the money, before our said court, at the courthouse in New Bern, on 14 March, 1933, next, then and there to render the same to this court.

Witness my hand and seal of the Superior Court of Craven County this 2 February, 1933."

Also issued a like execution to Craven County on the same date after reciting facts, against the Meadows Fertilizer Company, garnishee. In

the order of Judge Grady, 8 February, 1933, in part is as follows: "It is further considered, ordered and adjudged that the said respective sheriffs, to whom said writs were issued, upon redelivery or reissuance of the same to them by the said clerk of the Superior Court, shall proceed in the same manner with levies heretofore made, as if said executions had not been recalled by the court under the order which is now declared to have been void and of no effect *ab initio.*"

We see no error in the judgment of Judge Grady declaring *ab initio* the former order that the clerk recall the executions and the sheriffs ordered and directed "to release all property seized thereunder until further ordered by the court." We think that the writs of execution against the garnishees issued by the clerk of the Superior Court of Craven County, North Carolina, is in accordance with the former decision of this case above set forth filed 19 October, 1932 (203 N. C., 330).

The main contentions of defendants were: "No execution could issue on Judge Frizzelle's order until a final judgment had been rendered in the principal action."

"The plaintiffs contend that this statute and this decision authorizes the issuance of an execution against the garnishees before there is any adjudication that the defendant is indebted to the plaintiffs in any amount whatsoever in the principal action. We contend that this is not the law and that no execution can be issued against the garnishees until the plaintiffs have established that the defendant is indebted to the plaintiff in some amount."

We think the plaintiffs' contention correct. The garnishees owe the money and it is no injustice to them that the property and fund be held until the plaintiffs obtain final judgment.

We have no authority direct in point, but an attachment can be granted under C. S., 798, in an action for unliquidated damages before judgment. If it were otherwise, a final judgment in the principal case might be fruitless.

C. S., 824: "If judgment is entered for the plaintiff in the action, the sheriff shall satisfy the same out of the property attached by him, if it is sufficient for that purpose," *et cetera*. This indicates that the property is held until final judgment and the sheriff can collect from the garnishee against whom judgment is entered.

It arrests the property in the hands of the garnishee, interferes with the owner's or creditor's control over it, subjects it to the judgment of the court, and therefore has the effect of a seizure. *Miller v. United States*, 11 Wall., 268, 297, 20 L. Ed., 135.

The proceeding by garnishment is designed to subject a debt due to the defendant, to the payment of the demand of his creditor, by invest-

ing the creditor with a judicial power to collect and apply the amount due. *Wanzer v. Truly,* 17 How., 584, 586, 15 L. Ed., 216; *Goodwin v. Claytor,* 137 N. C., 224, 225, 230.

The decisions contrary to the position here taken are not controlling as we think under a liberal interpretation of the statutes that the executions can issue against the garnishees before plaintiff obtains final judgment. We think the judgment of Judge Frizzelle is sufficient to authorize the execution against the garnishees.

28 C. J., part sec. 482, pp. 319-320 is as follows: "It follows from the ancillary character of garnishment proceedings that ordinarily a valid judgment against the principal defendant is essential to the validity of a final judgment against the garnishee. However, in some jurisdictions the garnishment proceeding is, under the statute, made essentially a suit or action against the garnishee by defendant in the name of and for the benefit of plaintiff and a final judgment may be entered against the garnishee in advance of judgment against defendant."

It is contended by defendants: "In no event may an execution be issued against the garnishees by the clerk of the Superior Court without notice and hearing."

Execution cannot issue against the garnishee without a specific order of the judge authorizing the same," and cites C. S., 819, *supra,* which provides that "Judgment may be entered up and execution awarded for the plaintiff against the garnishee." We think that when the judgment is entered up the execution is awarded as a matter of course and can be issued by the clerk without application to the judge. C. S., 397.

The defendants contend: "Execution must issue, if at all, as a matter of discretion after notice and hearing.

The other significant distinction between the language of C. S., 819, relating to executions against garnishees, and C. S., 666, relating to ordinary executions, is that in the case against garnishees it is provided that execution 'may be . . . awarded,' while in the case of ordinary executions it is specifically provided that execution 'shall issue.' This clearly shows that the issuance of execution against garnishees is at best a discretionary matter with the court; and it appears that it is the intention to provide for a notice and hearing before such execution shall issue."

We do not think this contention tenable. We can see no distinction between an execution on an ordinary judgment or an execution on a judgment against a garnishee. They are both judgments and statutes to be construed in *pari materia.* It is contended by defendants: "The issuance of execution upon a $200.00 bond and under the circumstances of this case was oppressive and unlawful."

This matter was discretionary and several times brought up on motion by defendant before the court below and no appeal taken from a refusal to increase the bond. We set forth above "addenda to record." We see nothing unconstitutional in C. S., 819. This law was on the statute books long before this controversy arose and litigants in this jurisdiction are bound by its provisions—both residents and nonresidents, persons and corporations alike.

Plaintiffs set forth: "Between the time that the first order was made returnable, to wit, 8 February, 1933, and the actual signing on 13 February, 1933, to wit, on 11 February, 1933, the defendants, apparently ignoring or forgetting that the final determination of the matter by Judge Grady was to be made as of 8 February, 1933, procured from the United States District Court, upon the uncontroverted petitions of Davison Chemical Company against the two garnisheed corporations. . . . Orders, appointing Federal receivers of all the properties of the two corporations, as well that theretofore attached in the State courts as that not attached. Under these receivership orders, these two Federal receivers have taken possession of the entire properties of the two corporations and are proceeding to administer the same over plaintiffs' protests."

In 85 A. L. R., p. 212, is the following: "The reported case (*Ke-Sun Oil Co. v. Hamilton, ante,* 204), in effect follows the rule established by the above cases. In that case, the receiver apparently conceded that the creditors whose attachments and executions were levied in state court prior to his appointment in the Federal court are entitled to a lien upon the property and to a preference in his administration thereof, but asked for an injunction against the sale thereof under judgments, attachments, or execution from the state court, on the ground that an orderly administration of his trust required that the money and property levied upon be reduced to his possession. It was held that the Federal court appointing the receiver had no jurisdiction to enjoin the enforcement of attachment and execution liens upon the property which had been perfected. before the appointment of the receiver, on the ground that such an injunction would violate section 265 of the Judicial Code (36 Stat. at L., 1162, chap. 231, sec. 720, Rev. Stat. U. S. C., title 28, sec. 379.)" We see no error in the judgment of the court below. The judgment is

Affirmed.