Battle, J.
 

 The refusal of his Honor in the court below to order the issue of the writ of re-restitution was right and proper; but not for the reason assigned by him. The first appeal took the whole case to the Supreme Court, and the judgment rendered therein was final; and any execution, or process in the nature of an execution, except for the costs incurred in the Superior Court, must issue from the Supreme Court. The certificate of the decision of that court in the present case was transmitted to the Superior Court by virtue
 
 *299
 
 of the provision, contained in the Eev. Code, c. 33, s. 21, for the purpose of having the costs of the latter court taxed therein, and an execution therefor issued therefrom. Any other execution upon a final judgment in the Supreme Court must issue in the first instance from that court, though it may, in the discretion of the court, be made returnable to the Superior Court, which may enforce obedience to it, and may, if necessary, issue new or further execution or process thereon. See Eev. Code, c. 33, s. 6.
 

 When the appeal to the Supreme Court is from an interlocutory judgment at law of a Superior Court, the former -court cannot enter any judgment reversing, affirming or modifying the judgment so appealed from, but must cause its decision to be certified to the court below, with instructions to proceed upon such judgment, or to reverse or modify the same, according to the said opinion; and the court below shall enter upon its records the opinion at length, and proceed in the cause according to the instructions. See Eev. Code, c. 33, s. 14.
 

 In the case now before us the first appeal was from a final, and not an interlocutory, judgment of the Superior Court, and the judgment of this court on such appeal was final. The motion for the writ of re-restitution ought to have been made here, and not in the Superior Court, which, as indeed appears from the certificate sent down to it, had no authority to issue any execution except one for the costs of that court.
 

 The judgment from which the present appeal was taken must be affirmed.
 

 Per Curiam. Judgment affirmed.