CHRISTOPHER STEPHENS v. FRANK D. KOONCE.

*Practice — Jurisdiction of Supreme Court — Motions, When Made.*

1. The final judgment in any action, as affected by the orders and judgment of this Court, is in the Superior Court, and all proper motions in the action should be made in the Superior Court, except such motions as may be made affecting the appeal and the action of this Court therein. But no motion can be entertained in the Superior Court inconsistent with the judgment or directions of this Court.

2. The chief purpose of the statute (Acts 1887, ch. 192) seems to be to preserve the judgment appealed from intact and give it force and effect as a lien upon property as if it were a docketed judgment, pending the appeal, and to have this Court to exercise its jurisdictional functions in ordinary cases simply as a Court of errors. The authority of this Court is not abridged in any respect or degree, deriving its powers, as it does, from the Constitution, and not from the General Assembly.

This was a Motion, in the nature of an *audita quarrela*, made by defendant in this Court.

The defendant, after notice to plaintiff, moved for an order directing plaintiff to deliver to him certain property described in the pleadings in this action, or to have the value of the same assessed by a jury, and that plaintiff be restrained from issuing execution to enforce the judgment heretofore rendered in this action, &c. (See this case, reported in 103 N. C., 266.)

*Mr. Charles M. Busbee*, for plaintiff.
*Mr. S. W. Isler*, for defendant.

MERRIMON, C. J.: This purports to be a motion in the case of *Stephens* v. *Koonce*, 103 N. C., 266, decided at the February Term of 1889, the purpose being to compel the plaintiff to deliver to the defendant therein certain parts of a steam engine, the subject of the action, &c., or to submit to the trial of certain issues of fact, &c.

The motion is improvidently made in this Court. If it be a proper motion to be made at all, it cannot be entertained here, because the final judgment, as affected by the orders and judgment of this Court, is in the Superior Court, and all proper motions to enforce it, or that might appropriately be made in the action, should be made in the latter Court, except such motions as may be made affecting the appeal and the action of this Court therein. But no motion can be entertained or allowed in the Superior Court that shall,

or may, be inconsistent with the judgment and directions of this Court. The latter are controlling in the action so far as they apply to and affect it, and must be observed in all appropriate connections. Otherwise, the decisions of this Court, as a Court of errors, would not be authoritative, and there would be no end to controversy.

It may be that, in some cases, a final judgment may now be rendered in this Court, as was formerly the prevailing practice in most cases, except in criminal cases and interlocutory orders and judgments. *The Code*, § 962. But now, ordinarily, the order or judgment appealed from is affirmed, reversed or modified as the order or judgment of the Court below, as this Court may decide, order and direct. Such is the course of procedure and practice prescribed by the statute. Acts 1887, ch. 192, §§ 1, 2, 3. The first section thereof prescribes that "The stay of execution provided for in title thirteen, chapter ten of *The Code*, shall not be construed to vacate the judgment appealed from, but, in all cases, said judgment shall remain in full force and effect, and the lien of said judgment shall remain unimpaired, notwithstanding the giving of the undertaking or making the deposit required in said title, until the judgment appealed from is reversed or modified by the Supreme Court." The second section provides simply that execution shall not issue pending the appeal. The third section provides "That section 962 of *The Code* be amended by adding to the end thereof the following paragraph: 'In civil cases, at the first term of the Superior Court after such certificate' (that of this Court mentioned and provided for in *The Code*, § 962) 'is received, if the judgment is affirmed, the Court below shall direct the execution thereof to proceed, and, if said judgment is modified, shall direct its modification and performance. If a new trial is ordered, the cause shall stand in its regular order on the docket for trial at such first term after the receipt of the certificate from the Supreme Court.'"

The chief purpose of these statutory provisions seems to be to preserve the judgment appealed from intact, and give it force and effect as a lien upon property, as if it were a docketed judgment pending the appeal, and to leave this Court to exercise its jurisdictional functions in ordinary cases simply as a Court of errors. They could not have the effect to abridge the authority of this Court in any respect or degree. It is a co-ordinate department of the government, and derives its powers from the Constitution, and not from the General Assembly. The latter may, however, and it is its duty to pass laws to facilitate the exercise of its jurisdiction, powers and authority.

The motion is denied and dismissed.

Motion denied.