BENEDICKT FISCHER and Others, Respondents, *v.* BERTHOLD BLANK, Appellant.

81   579
144a  700
81h  579
57ad518

*Injunction order using word " and " — construed as if " or " were used — an erroneous action of a court does not establish want of jurisdiction.*

An injunction order forbade the defendant in an action from selling tea put up in packages having the shape of a parallelopiped inclosed in wrappers like, or substantially like, that designated by the plaintiff's exhibit C, and from making use in any way of the designation "Black Package Tea" in connection with the sale of tea.

*Held,* that the word "and," as used in the injunction order, was used in a disjunctive and not a conjunctive sense, although the latter is the ordinary sense in which it is used;

That the sale by the defendant of tea in packages and wrappers of the form enjoined was a violation of the injunction granted, notwithstanding the fact that the words "Black Package Tea" were not put upon the packages.

Although a Special Term of the Supreme Court does not follow the decision of the Court of Appeals in reference to the modification of an injunction order, that fact does not make its action void. The proper course for a person aggrieved by the action of the Special Term is to move to vacate its order, and if his motion is denied to appeal from the order denying such motion.

If he disregards the order made by the Special Term he does it at his peril, for the court is not without jurisdiction of the matter; an erroneous action is never a ground for attacking the jurisdiction of the court.

APPEAL by the defendant, Berthold Blank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1894, adjudging the defendant guilty of contempt of court.

*Chas. Goldzier*, for the appellant.

*Rowland Cox*, for the respondent.

VAN BRUNT, P. J.:

It is not necessary to discuss the question as to whether there was a violation of the injunction upon the part of the defendant. It is apparent from the conceded facts that such violation took place. It is idle to claim that it was the intention of the court, or that it was so understood by the defendant, that to constitute such a violation it was necessary that there should be a combination of all the things referred to in the injunction order. The order enjoins the defendant from selling, etc., tea, put up in packages having the shape of a parallelopiped, inclosed in wrappers like, or substantially like, that designated plaintiff's exhibit C, and from making use, in connection with the sale of tea, of the designation "Black Package Tea." It is substantially admitted that the appellant violated the injunction by the use of packages and wrappers of the form enjoined; but, because he did not also put upon the packages the words "Black Package Tea," it is urged that he did not violate the injunction upon the ground that all these things must combine in order to constitute such violation. It is perfectly plain from a reading of the order that the word "and" was used in a disjunctive and not in a conjunctive sense, although the latter is the ordinary sense in which it is used. The wrappers and form of package spoken of in the injunction were just as much a part of the plaintiff's proprietary right as the use of the language which it is claimed the defendant did not use.

But it is urged that the court had no authority to enter the order which it is claimed was violated, upon the ground that the remittitur of the Court of Appeals did not authorize the issuance of any such

order. It is apparent from the remittitur of the Court of Appeals that there was a modification made by that court of the injunction theretofore granted, and the court at Special Term attempted to enter a judgment in accordance with that remittitur. What it had before it does not appear; and if the court did not follow the decision of the Court of Appeals in reference to the modification of the injunction, that fact did not make its action void. The proper course for the defendant was to have moved to vacate the order, and, if that was refused, to appeal. If he disregarded the order, he did it at his peril. The court was not without jurisdiction; it was acting within its jurisdiction when it attempted to make the judgment of the Court of Appeals the judgment of this court. Erroneous action is never a ground for attacking the jurisdiction of the court.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.