CINCINNATI COFFIN COMPANY v. W. E. YOPP, SR.

(Filed 20 June, 1934.)

**Courts A f: Judgments K f—Superior Court has jurisdiction to hear motion attacking order of another judge for irregularity.**

Petitioner, trustee in bankruptcy, made a motion in the cause to be allowed to intervene as a party plaintiff and to attack proceedings in receivership in the cause, alleging that the receiver had sold assets of defendant to his son-in-law, who had in turn sold the assets to a corporation controlled by defendant and his near relatives, organized for the purpose of holding same in order to hinder and defeat the trustee in bankruptcy and creditors represented by him, that the receiver had sold and settled the estate prior to the expiration time for filing claims, and before petitioner had opportunity to be heard, and that the orders appointing the receiver, making the receivership permanent and discharging the receiver and releasing his bond were irregular. The trial court denied the petition on the ground that it had no jurisdiction to set aside an order made in the cause during term by another judge of the Superior Court. *Held,* the petitioner was entitled to attack the orders for irrgularity by motion in the cause, and the case is remanded for hearing upon his motion.

THIS is a motion made upon petition in the cause filed before *Cranmer, J.,* in the case of Cincinnati Coffin Company *et al. v.* W. E. Yopp, Sr., *et al.,* at the October Term, 1933, of New Hanover County,

by H. Edmund Rogers, trustee in bankruptcy of W. E. Yopp, Sr., to be allowed to intervene as a party plaintiff and to have Walter E. Yopp, Incorporated, made a party defendant, and to direct said corporation to turn over to the petitioner the assets of W. E. Yopp, Sr., bankrupt, in its possession, and to restrain said corporation from disposing of said assets.

Motion denied and petition dismissed; and petitioner excepted and appealed. Reversed.

*McNorton & McIntire for appellant.*
*Stevens & Burgwyn for appellee.*

SCHENCK, J. The record is a voluminous one and there is but one exception contained therein, namely, to the signing of the judgment denying the motion and dismissing the petition. In his petition the trustee in bankruptcy of W. E. Yopp, Sr., alleges that appointment of a receiver of W. E. Yopp, Sr., was irregular, and that the receiver took over and sold the assets of the defendant and obtained his discharge as such receiver, all before the time fixed by the court for filing claims had elapsed; and further alleges that Judge Harris was "misled and deceived, and erred in signing the order outside of the district in which the action was pending making the receivership . . . permanent"; and that Judge Devin was "deceived and misled into signing the final order discharging the receiver and releasing his bond . . . "; and that the institution of this action by the plaintiff, the procuring of the appointment of a receiver, the sale by the receiver for an inadequate consideration of the assets of the defendant to his son-in-law, and the procuring of the discharge of the receiver, in the space of only thirteen days, and, within a few more days, the sale by the son-in-law of such assets to Walter E. Yopp, Incorporated, a newly organized corporation owned and controlled by the defendant and his near relatives and business associates, was all done with the sole purpose and intent to hinder and defeat the creditors of W. E. Yopp, Sr., by placing his assets beyond the process of the courts in hands of a corporation organized for that purpose. The petition further alleges that this scheme was begun, continued and ended in such a short space of time that the petitioner, or the creditors of W. E. Yopp, Sr., whom he now represents, were deprived of all opportunity to be heard before the judgment discharging the receiver and his bond was entered. While it appears that this cause came on to be heard "upon notice upon Walter E. Yopp, Incorporated, to show cause why it should not be made a party defendant . . . ," it does not appear that this corporation filed any reply to the petition; but even if it be presumed that it denied all the allegations of irregu-

larities and fraud, we think his Honor was in error in reaching the conclusion set forth in his judgment that "the court . . . has no authority to set aside an order that was made more than six months ago during term time, by another judge of the Superior Court, where no exceptions have been taken to the orders" and therefore adjudging "that Walter E. Yopp, Incorporated, is not a necessary party to this action, and is at liberty to operate its business without interference from the petitioner or the creditors of . . . W. E. Yopp, Sr."

The petitioner was entitled, as a matter of law, to be heard upon his motion in this cause to vacate the judgment for the irregularities set forth in the petition, and his Honor's judgment denied him this right.

"An irregular judgment is one rendered contrary to the course and practice of the court, and if the defect is not such as to show that the court has no jurisdiction over the subject-matter or over the person, the judgment is not void, but will stand until a proper proceeding has been brought to set it aside. . . . To set aside a judgment for irregularity it is necessary to make a motion in the cause before the court which rendered the judgment, with notice to the other party; the objection cannot be made by appeal, or an independent action, or by collateral attacks. The time for such motion is not limited to one year after the judgment is rendered, but it must be made by the party affected and within a reasonable time to show that he has been diligent to protect his rights." McIntosh, N. C. Prac. & Proc., par. 353, pp. 736, 737, and cases there cited.

This case is remanded to the Superior Court of New Hanover County, that the petitioner may be heard upon his motion in accordance with this opinion.

Reversed.