ULYSSES S. WESCOTT v. THE FIRST AND CITIZENS NATIONAL BANK
OF ELIZABETH CITY ET AL.

(Filed 17 September, 1947.)

**Appeal and Error §§ 50, 52—**

A soldier, overseas, remitted by letter certain funds to a bank for deposit. After the soldier's death, action was instituted to impress the funds with a trust in favor of the soldier's grandfather, based upon certain expressions in the letters. On appeal it was held that the evidence was insufficient to create a trust, that the letters had not been probated as required to constitute a will, and it was stated that the letters failed to show intent to make a testamentary disposition of the funds. After certification of the opinion, the letters were probated in common form and judgment was entered in the action ordering the funds to be paid over to the soldier's grandfather who had been appointed administrator c. t. a., d. b. n. No caveat was filed. The Supreme Court in its supervisory power remands the case with direction that the funds remain in the hands of the Clerk to the end that appropriate proceedings be undertaken.

APPEAL by defendant R. C. Lowry, Administrator, from *Morris, J.,* at May Term, 1947, of PASQUOTANK. Remanded.

*Robert B. Lowry, J. Henry LeRoy, and Geo. J. Spence for plaintiff, appellee.*

*W. C. Morse, Jr., and R. Clarence Dozier for defendant, appellant.*

DEVIN, J. This case was here at Fall Term, 1946, and is reported *ante,* 39, where the facts are fully set out. The action was instituted to impress a trust in favor of the plaintiff as to funds which had been deposited in defendant Bank to the credit of Ulysses C. Robbins, who died overseas while in the armed forces of the United States, in 1945. On the former appeal this Court held that the evidence was insufficient to show the creation of a trust, and that the fund should be turned over to the administrator for distribution according to law. The next of kin are the infant brother and sister of the decedent. It was noted in the opinion that the letters of the deceased soldier, which were relied on by the plaintiff as constituting a trust, had not been offered or proven in the manner prescribed by the statutes so as to constitute a will. In further reference thereto it was stated in the opinion of this Court, "The letters of Robbins' evidence a desire only to secure for his own use the money he was sending back from overseas, and do not seem to contain definite expression of purpose or intention thereby to make a testamentary disposition of the fund."

However, after the opinion on the former appeal was certified down, the plaintiff Wescott offered the letters referred to for probate as the last

will and testament of Robbins, and the papers thus propounded were admitted to probate in common form. No caveat has yet been filed. The plaintiff, the sole beneficiary, was thereafter appointed administrator *c. t. a., d. b. n.* R. C. Lowry, administrator, offered to resign, but his resignation was not accepted by the Clerk, and he was allowed to withdraw his resignation and was directed to "continue with his duty as such administrator."

The judge who heard the matter below after setting out the facts, denied the motions of R. C. Lowry, administrator, and of Howard S. Whaley, guardian *ad litem* of the infant next of kin, and ordered that the funds be paid over to the plaintiff, administrator *c. t. a.,* and that R. C. Lowry file his final account. From this judgment R. C. Lowry, administrator, and Howard S. Whaley, guardian, gave notice of appeal. But subsequently Whaley, guardian *ad litem,* notified the Clerk and his counsel that he would not appeal from the judgment, and instructed counsel to withdraw his notice of appeal. R. C. Lowry, administrator, perfected his appeal and appeared with counsel in this Court in opposition to the judgment below.

In view of the judicial dictum of this Court that the letters of Robbins "evidenced a desire only to secure for his own use the money he was sending back from overseas, and do not seem to contain definite expression of purpose or intention thereby to make a testamentary disposition of the fund," we deem it proper in the exercise of the supervisory powers of this Court to remand the cause to the end that appropriate proceedings be undertaken on behalf of the infant next of kin to see that their rights are adequately protected. The fund will remain in the hands of the Clerk until final disposition thereof by the Court. The costs of this appeal will be taxed against the estate.

Remanded.