ROBERT O. ALEXANDER v. LAWRENCE E. BROWN.

(Filed 24 February, 1954.)

**Appeal and Error § 51a—**

> Where it is determined on appeal that the evidence upon a particular cause of action is sufficient to be submitted to the jury and overrule defendant's motion to nonsuit, the question of the sufficiency of the evidence is precluded upon the subsequent trial upon substantially the same evidence, and judgment of involuntary nonsuit entered on such cause of action will be reversed.

APPEAL by plaintiff from *Sink, J.,* and a jury, at the October Term, 1953, of BUNCOMBE.

Civil action upon a complaint stating a first cause of action for false arrest and imprisonment, and a second cause of action for malicious prosecution.

These are the controlling facts:

1. The events culminating in this litigation happened in May, 1947.

2. Shortly after their occurrence, the plaintiff Robert O. Alexander brought this action against G. H. Lindsey, a private citizen, Lawrence E. Brown, the Sheriff of Buncombe County, and Carl W. Smith, the Chief of Police of the Town of Black Mountain.

3. The original complaint alleged a first cause of action against Lindsey, Brown, and Smith for false arrest and imprisonment, and a second cause of action against them for malicious prosecution.

4. The cause was originally called for trial on its merits before Judge George A. Shuford and a jury at the March Term, 1949, of the Superior Court of Buncombe County. After the plaintiff had introduced his evidence and rested his case, Judge Shuford entered a judgment involuntarily nonsuiting the plaintiff as to Lindsey, Brown, and Smith on the first cause of action for false arrest and imprisonment, and as to Brown and Smith on the second cause of action for malicious prosecution. The plaintiff excepted to the judgment and appealed, assigning errors. The record now before us does not disclose the disposition of the second cause of action in respect to Lindsey.

5. The case came before this Court on the plaintiff's appeal from the judgment of Judge Shuford at the Fall Term, 1949, and is reported in *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470, where the evidence introduced by the plaintiff at the original trial is summarized in an able and thorough opinion which *Justice Denny* wrote for the Court. This Court held that the plaintiff's testimony made the liability of Brown to the plaintiff for false arrest and imprisonment and for malicious prosecution questions of fact for the jury, and reversed the ·involuntary nonsuit

as to Brown upon both of the causes of action. Moreover, this court affirmed the involuntary nonsuit as to Lindsey upon the first cause of action, reversed the involuntary nonsuit as to Smith upon the first cause of action, and affirmed the involuntary nonsuit as to Smith upon the second cause of action.

6. After the decision of this Court on the plaintiff's appeal from the judgment of Judge Shuford, to wit, on 7 June, 1951, the plaintiff amended his complaint so as to allege a first cause of action against Brown and Smith for false arrest and imprisonment, and a second cause of action against Brown alone for malicious prosecution. The case came before this Court a second time at the Fall Term, 1952, on the appeal of Brown and Smith from an order of Judge William H. Bobbitt refusing to strike an amendment to plaintiff's amended complaint, and is reported in *Alexander v. Brown*, 236 N.C. 212, 72 S.E. 2d 522.

7. After the decision of this Court on the second appeal, Smith died, and the plaintiff reformed his complaint so as to state a first cause of action against Brown alone for false arrest and imprisonment, and a second cause of action against Brown alone for malicious prosecution.

8. Subsequent to the death of Smith and the reformation of the complaint, to wit, at the October Term, 1953, of the Superior Court of Buncombe County, the case was tried on the merits a second time as to Brown before Judge H. Hoyle Sink and a jury. The plaintiff offered substantially the same evidence at that time as that presented by him at the original trial. After the plaintiff had introduced his evidence and rested his case, Brown moved for an involuntary nonsuit upon both causes of action. Judge Sink denied the motion in respect to the first cause of action, *i.e.*, the cause of action for false arrest and imprisonment, and granted it in respect to the second cause of action, *i.e.*, the cause of action for malicious prosecution. Brown then offered testimony bearing on the first cause of action. Judge Sink submitted these issues to the jury: (1) Did the defendant, Lawrence E. Brown, cause the arrest and imprisonment of the plaintiff by a police officer in Black Mountain without legal process, as alleged in the complaint? (2) What compensatory damages, if any, is the plaintiff entitled to recover against the defendant? The jury answered the first issue "No," and left the second issue unanswered. Judge Sink entered judgment effectuating the verdict of the jury upon the cause of action for false arrest and imprisonment, and his involuntary nonsuit upon the cause of action for malicious prosecution. The plaintiff excepted to the judgment and appealed to this Court, assigning errors.

*Guy Weaver for plaintiff, appellant.*

*J. W. Haynes and Roy A. Taylor for defendant Lawrence E. Brown, appellee.*

ERVIN, J.    We have examined the exceptions bearing on the first cause of action, and found that none of them point out any error of law entitling the plaintiff to a new trial of the cause of action for false arrest and imprisonment.    It is otherwise, however, with respect to the exception which challenges the dismissal of the second cause of action upon the involuntary nonsuit.

The plaintiff offered substantially the same evidence at the second trial on the merits before Judge Sink and the jury as that presented by him at the original trial on the merits before Judge Shuford and the jury. This being so, the question of the sufficiency of the plaintiff's evidence to withstand a motion for an involuntary nonsuit on the second cause of action was foreclosed against the defendant Brown by the decision on the first appeal adjudging the plaintiff's evidence ample to carry the case to the jury and support a verdict against the defendant Brown upon the cause of action for malicious prosecution.    *Mintz v. R. R.,* 236 N.C. 109, 72 S.E. 2d 38.    This conclusion necessitates a reversal of the involuntary nonsuit upon the second cause of action.

No error upon cause of action for false arrest and imprisonment.

Reversed upon cause of action for malicious prosecution.