MYRBLE ROBERTSON, ADMINISTRATRIX OF NOAH LEON ROBERTSON AND MYRBLE LOVING ROBERTSON v. CLETUS FRANKLIN ROBERTSON AND THURMAN SPEASE ROBERTSON, HEIRS AT LAW.

(Filed 1 November, 1961.)

APPEAL by defendants from *Crissman, J.,* March 20, 1961 Term of FORSYTH.

On the prior appeal in this case we said, in an opinion filed 23 November 1960: "Apparently no attempt has been made to establish the location of the boundaries of the lot occupied by N. L. Robertson as his family home. The cause is remanded for this factual determination." *Robertson v. Robertson,* 253 N.C. 376, 116 S.E. 2d 849.

Following the remand the case was calendared and tried at the February 13, 1961 Term of Forsyth. An issue was then submitted to a jury for the purpose of determining the location of the eastern boundary of the lot occupied by N. L. Robertson at his death. The jury answered the issue as contended by purchaser. Judgment was entered on the verdict declaring the purchaser the owner of the land bounded as fixed by the jury's answer to the issue.

At the March 1961 Term defendants moved to set the verdict and judgment entered thereon at the February 1961 Term aside because of asserted mistake, surprise, and excusable neglect. They alleged they did not know the cause was calendared for trial at the February 1961 Term, that the issue submitted was confusing, and the witness on whose testimony the jury fixed the boundary mistakenly testified as to the true location of the line separating the N. L. Robertson homeplace from the land of defendants. Judge Crissman heard the motion and found as facts that "(a) the judgment heretofore entered in this cause on the 24th day of February 1961, as appears of record, was not taken against movants, or either of them, through their mistake, inadvertence, suprise or excusable neglect; and (b) that the movants have failed to establish or to show a good or meritorius defense that would affect the judgment as heretofore entered." Based on these findings, he denied the motion. Defendants excepted to the judgment and appealed.

*Geo. W. Braddy for plaintiff appellee.*
*Buford T. Henderson for defendant appellants.*

PER CURIAM. The motion is made pursuant to the provisions of G.S. 1-200. To succeed it is necessary for movant to show both excusable neglect and a meritorious defense. *Pate v. Hospital,* 234 N.C. 637, 68 S.E. 2d 288; *Roediger v. Sapos,* 217 N.C. 95, 6 S.E. 2d 801. Here the court found neither existed.

There is no exception to the findings of fact. The findings support the judgment. This is sufficient. *Utilities Commission v. Gas Co.,* 254 N.C. 734, 120 S.E. 2d 77.

Appellants now contend that Judge Crissman, at the February 1961 Term, misinterpreted what was said in the opinion filed in November 1960, and because of such misinterpretation the trial had at the February 1961 Term and the judgment based on the jury's verdict were void. Seemingly the issue submitted sufficed to fix the disputed boundary and to locate the boundaries of the N. L. Robertson home as directed in the opinion filed in November 1960; but if the court had misunderstood what was then said, and because of such misunderstanding failed to submit an issue locating all the boundaries of the property, the judgment entered on the verdict would not be void. It would merely be erroneous. 5B C.J.S. 646-7. Defendants do not suggest the location of any other boundary is in dispute.

Affirmed.