MARSHALL C. COLLINS, EDWIN MOORE, HAYWOOD WISE, GEORGE MIDGETT, ALFONZO SCARBOROUGH AND DAVE ALEXANDER, DEACONS OF THE HAVEN CREEK BAPTIST CHURCH, MANTEO, NORTH CAROLINA, ACTING AS TRUSTEES HOLDING TITLE TO THE PROPERTY OF THE CHURCH, AND MARSHALL C. COLLINS, EDWIN MOORE, HAYWOOD WISE, GEORGE MIDGETT, ALFONZO SCARBOROUGH AND DAVE ALEXANDER, INDIVIDUALLY FOR THEMSELVES AS MEMBERS OF SAID CHURCH AND FOR SUCH OTHER MEMBERS OF SUCH CHURCH AS MAY MAKE THEMSELVES PARTIES TO THIS ACTION, v. REVEREND J. C. SIMMS.

(Filed 2 May 1962.)

**1. Appeal and Error § 60—**

A decision of the Supreme Court becomes the law of the case in respect to questions therein presented and decided, both in subsequent proceedings in the trial court and on subsequent appeal.

**2. Same—**

Decision that there was no error in the adjudication by the lower court that defendant had not then been elected pastor of the church in question, and that order restraining defendant from attempting to act as pastor violated no constitutional rights of defendant, is the law of the case and precludes defendant from thereafter asserting incumbency based upon any act or transaction occurring prior to the date of the institution of the action, or that the entry of judgment in accordance with the mandate of the Supreme Court violated any constitutional right of defendant.

**3. Same; Judgments § 21—**

An irregular judgment is not void, and even after decision of the Su-

preme Court holding it to be irregular such judgment stands until it is set aside by judgment entered in the trial court in conformity with the mandate of the Supreme Court.

**4. Appeal and Error § 60—**

After remand of a cause by the Supreme Court, the lower court is bound by the decision, and a judgment of the Superior Court which fails to conform entirely and completely to the mandate of the Supreme Court is erroneous, irregular, or void.

**5. Same;  Judgments § 18—**

Where the Supreme Court holds the judgment appealed from is irregular and remands the cause, judgment of the Superior Court thereafter entered which is in conformity with the mandate so far as the judgment goes, but which inadvertently fails to strike out or modify the former judgment, *is held* contrary to the course and practice of the Court, and the proper procedure to make it conform with the mandate of the Supreme Court is by motion in the cause.

**6. Appeal and Error § 2—**

Where judgment of the Superior Court upon remand of the cause by the Supreme Court fails to conform with the mandate of the Supreme Court, either through insubordination, misinterpretation, or inattention, the Supreme Court, in the exercise of its supervisory jurisdiction, will enforce its own mandate, regardless of the manner in which the cause is brought before it, or even *ex mero motu* if necessary, in accordance with the requirements of justice. Constitution of North Carolina, Art. IV, § 8.

SHARP, J., took no part in the consideration or decision of this case.

PARKER, J., concurring in result.

APPEAL by defendant from *Morris, J.,* October 1961 Term of DARE.

From denial of his motion to vacate specified judgments theretofore entered in this cause and to dissolve the permanent injunction theretofore decreed herein, defendant appeals.

*Frank B. Aycock, Jr., for plaintiffs.*

*James R. Walker, Jr., Robert L. Harrell, Sr., and Samuel S. Mitchell for defendant.*

MOORE, J.  This case was here on appeal at the Spring Term 1961. In an opinion delivered by *Parker, J.,* the factual background, pleadings, and proceedings had prior to that appeal are clearly and concisely stated. *Collins v. Simms,* 254 N.C. 148, 118 S.E. 2d 402. We repeat them here in brief outline only as a background for a discussion of subsequent developments. For a fuller and more complete statement, the former opinion should be read and considered in connection herewith.

The action was instituted 11 February 1960. The complaint alleges that defendant served as pastor of Haven Creek Baptist Church, Manteo, North Carolina, in 1959, that at a regular business meeting of the church congregation defendant was voted out and was notified that his pastorate would end at the close of the year 1959, that defendant notwithstanding the notice appeared at the church on every preaching Sunday until this action was begun and attempted to serve as pastor. Plaintiffs, church officers and members, ask that defendant be permanently enjoined from trespassing on the church property.

On 15 February 1960 a temporary restraining order was issued, enjoining defendant from appearing at the church and interfering in any manner with worship services and other church meetings, and directing him to show cause, at a specified time and place, why the restraint should not continue until the final hearing. Copies of the summons, complaint and restraining order were personally served on defendant on 20 February 1960. On 5 March 1960 defendant signed, in person, consent to an order continuing the temporary restraining order to the final hearing of the cause on the merits.

Defendant failed to answer or otherwise plead to the complaint and neglected to request an extension of time for pleading. At the May Term 1960 of the Superior Court of Dare County, on motion of plaintiffs, Hooks, Judge presiding, entered a judgment by default final and "decreed that the defendant be, and he is hereby perpetually enjoined and restrained from appearing at the Haven Creek Baptist Church or trespassing on the grounds or in the church building located on the grounds of the Haven Creek Baptist Church."

On 30 September 1960 defendant filed a motion to vacate the judgment by default final entered by Judge Hooks, and to dismiss the complaint. This motion was heard at the October Term 1960 of Dare County Superior Court by Bone, Judge presiding, and was overruled. Defendant excepted and appealed to Supreme Court. As stated above, this appeal was heard here at the Spring Term 1961. Our opinion was filed 1 March 1961.

The questions raised in the present appeal must be viewed in the light of the rule that a decision of this Court on former appeal constitutes the law of the case in respect to questions therein presented and decided, both in subsequent proceedings in the trial court and on subsequent appeal when the same matters are involved. *Glenn v. Raleigh*, 248 N.C. 378, 103 S.E. 2d 482; *Maddox v. Brown*, 233 N.C. 519, 64 S.E. 2d 864. Our decision on the former appeal (254 N.C. 148) makes the following holdings the law of the case:

(1). "Defendant's failure to answer within the statutory time prevents him from denying any facts set forth in the verified complaint,

and admits that plaintiffs are entitled to such relief as the law gives them upon the facts alleged."

(2). "The verified complaint states a good cause of action for injunctive relief to prevent defendant after the year 1959 from appearing at the church and acting or attempting to act as its pastor at a religious service or at any other church meeting, so long as he is not its pastor."

(3). "It (the complaint) does not state a good cause of action against defendant for perpetual injunctive relief to prevent him from merely appearing at the church, and Judge Hooks' judgment by default final in which he decreed 'that the defendant be and he is hereby perpetually enjoined and restrained from appearing at the Haven Creek Baptist Church or trespassing on the grounds or in the church building' is not supported by the allegations of fact in the verified complaint, and is far in excess of the relief the law gives plaintiffs upon the facts alleged. . . ."

(4). Upon the facts alleged in the complaint and admitted by failure to answer, a judgment by default final restraining defendant "from appearing at this church after the year 1959 and acting or attempting to act as its pastor at a religious service or at any other church meeting, so long as he is not its pastor," violates no rights guaranteed to him by Article I, Sections 1, 17, 25 and 26 of the North Carolina Constitution, or by the 1st and 14th Amendments to the United States Constitution.

(5). "Judge Hooks' judgment by default final, which grants relief in excess of that encompassed in the verified complaint, is irregular. . . . 'An irregular judgment is not void. It stands as the judgment of the court unless and until it is set aside by a proper proceeding.' "

(6). "That part of Judge Bone's judgment denying defendant's motion to vacate Judge Hooks' judgment by default final cannot be sustained, and is remanded to the lower court for a judgment vacating that part of Judge Bone's judgment, and for the entry of a judgment by default final restraining defendant in accordance with the injunctive relief to which this opinion holds plaintiffs are entitled."

On 16 March 1961 plaintiffs made a motion in writing and duly verified that defendant be cited by the Superior Court for contempt. Defendant filed a verified "Reply and Answer" to the motion. The matter came on for hearing before Morris, J., on 25 March 1961, and he entered an order, in pertinent part as follows:

"The Court makes the following findings of fact and conclusions of law based upon the various affidavits and other paper writings, statements, stipulations of counsel and a consideration of the

record in this action, including the Opinion of the Supreme Court
of North Carolina, Spring Term, 1961. . . .

"5. On the 6th day of March, 1961, the defendant Simms went
on the Church grounds and attempted to enter the building which
was locked at the time. He accounted for his actions by asserting
that he was the pastor and that he was taking charge and desired
to enter the Church building in his capacity as such pastor.

"6. On the 12th day of March, 1961, the defendant Simms at-
tended a meeting of the Baptist Training Union at said Church
and again asserted that he was the pastor in charge of the Church.
At this time, the defendant posted a notice on the bulletin board
of the Church, signing himself as 'Rev. J. C. Simms, Pastor in
charge.'

"At this same time and place, the defendant again orally as-
serted that he was the pastor and that he would preach at the
next worship service on March 19, 1961.

"7. In accordance with the above assertion, the defendant did
appear on the 19th day of March, 1961, at said Church, the regu-
lar pastor, the Reverend Horace Moore, being present. At this
time, the defendant took over, by means and in a manner not made
clear to the Court at the hearing; whereupon, to avoid any further
trouble, the regular pastor and the greater part of the member-
ship of the Church left the Church, only four or five adults out of
a normal attendance of fifty or more adults remaining for wor-
ship services.

"8. These acts on the part of Simms in taking over as pastor
and asserting his right to do so were done on advice of counsel,
this advice being to the effect, as the Court understands it from
statements made by defendant's counsel, that there was error in
the previous orders and judgments of the Superior Court of Dare
County, that Simms was the pastor of the Church and had the
right to take over and act as pastor of said Church in view of the
decision of the Supreme Court above referred to."

". . . (T)he Court finds that the defendant is in contempt of
this Court. . . .

". . . (T)he Court finds that the contempt is a technical con-
tempt and withholds sentence for said contempt on condition that
the defendant shall not usurp or attempt to usurp the office of
pastor of the Haven Creek Baptist Church or attempt, in any
manner, to act as such pastor, until such time as final judgment
based upon the decision of the Supreme Court has been entered
by the Superior Court of Dare County. In accordance with the
Court's construction of said decision of the Supreme Court of

North Carolina, the defendant may attend worship services and any other meetings of said Church open to members of the general public."

There was no appeal from the contempt order.

Thereafter Judge Joseph W. Parker entered the following judgment.

"THIS CAUSE coming on to be heard before the undersigned Judge Presiding at the May Term, 1961, Superior Court of Dare County, UPON MOTION BY THE PLAINTIFFS for a judgment conforming to the opinion of the Supreme Court of North Carolina in the above captioned case, Spring Term, 1961, No. 32:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendant be, and he is hereby enjoined and restrained from attempting to assume the office of pastor of the Haven Creek Baptist Church until such time as he may be re-elected as such pastor in accordance with the custom and usage of said church."

There was no exception to or appeal from the judgment of Judge Joseph W. Parker.

On 10 October 1961 defendant filed a motion, in writing and duly verified, requesting the Superior Court of Dare County to vacate the judgments of Judges Hooks, Bone and Joseph W. Parker, and dissolve the injunctions. The motion alleges in substance: Defendant was duly re-elected pastor of Haven Creek Baptist Church on 4 December 1959, and his contract as pastor was approved by the Church on 4 November 1960, 2 December 1960 and 19 March 1961; such re-election and approvals constitute such a change in conditions and circumstances as to cause a court of equity "to vacate all orders and judgments restraining and curtailing defendant's rights and privileges as a Pastor or as a citizen attending public worship and assembly at the Haven Creek Baptist Church"; and the judgments violate defendant's rights and privileges guaranteed to him "by the North Carolina Constitution, Article I, Sections 1, 17, 25, 26 and 37; and as guaranteed to the defendant by the United States Constitution, the First and Fourteenth Amendments."

The motion was heard and denied by Morris, J., at the October 1961 Term of Dare County Superior Court. Defendant in apt time excepted and appealed. The denial of the motion is the basis of the present appeal.

The primary component of defendant's motion is that he was duly re-elected pastor of the church on 4 December 1959 and that his re-election was approved at several church meetings thereafter. On this

premise, defendant contends that his persistent attempts to serve the church as pastor are consistent with and not in violation of the law of the case as laid down in the former opinion of this Court, and that the judgments of the Superior Court entered in this cause deny him the rights and privileges to which he is entitled by virtue of his contract with the church. Defendant's contention overlooks an important element of our former opinion. It held, and it is the law of this case, that defendant's failure to answer the complaint amounts to an admission that plaintiffs are entitled to such relief as the law gives them upon the facts alleged in the complaint, and that the verified complaint states a good 'cause of action for injunctive relief to prevent defendant after the year 1959 from appearing at the church and acting or attempting to act as its pastor at a religious service or at any other church meeting, so long as he is not its pastor. The substance of the allegations of the complaint, deemed admitted by defendant's failure to answer, is that defendant was not re-elected, his pastorate terminated 31 December 1959, and his appearances at the church and attempts to act as pastor were trespasses. The facts thus alleged are deemed established as a matter of law, and defendant may not now assert or call to his aid any alleged re-election or approval of his contract had or made prior to 11 February 1960, the date of the institution of this action. If he relies on an alleged election or contract had or made since 11 February 1960, it must be judicially established before he may act pursuant thereto.

It is also the law of this case that the entry of a judgment in accordance with the mandate of this Court on the former appeal violates none of defendant's constitutional rights and privileges, State or Federal.

It must be conceded that the judgment entered by Judge Parker (Joseph W.) falls short of compliance with the mandate of this Court in the former opinion in this case in several respects. Even so, the judgment of Judge Hooks is an irregular judgment, is not void, and stands as the judgment of the court until regularly set aside — an action not heretofore taken.

The status and effect of the judgments of Judges Hooks and Bone were discussed and decided in our former opinion. Plaintiffs contend that the judgment of Judge Joseph W. Parker is an erroneous judgment, there was no exception thereto or appeal therefrom, and defendant may not now call it into question. The contention has some procedural significance, and leads to the inquiry as to whether the judgment is erroneous, irregular or void. The question is not without difficulty. The decisions in this and other jurisdictions establish no strict lines of demarcation, in this category of judgments, for de-

termining whether particular judgments are erroneous, irregular or void. We have held judgments of Superior court which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court in the respective causes, especially where they amounted to insubordination, to be unauthorized and *void. Newberry v. Fertilizer Co.,* 206 N.C. 182, 173 S.E. 67; *Chavis v. Brown,* 174 N.C. 122, 93 S.E. 471; *Banking Co. v. Morehead,* 126 N.C. 279, 35 S.E. 593; *Black v. Black,* 111 N.C. 300, 16 S.E. 412; *Stephens v. Koonce,* 106 N.C. 222, 10 S.E. 996; *In re Griffin,* 98 N.C. 225, 3 S.E. 515; *White v. Butcher,* 97 N.C. 7, 2 S. E. 59. But we have held judgments, which indicated the judge misunderstood and misinterpreted the opinion of this Court on former appeal and gave it broader significance or narrower scope than we intended, to be *erroneous. Robertson v. Robertson,* 255 N.C. 581, 122 S.E. 2d 385; *Cannon v. Cannon,* 226 N.C. 634, 39 S.E. 2d 821; *Durham v. Cotton Mills,* 144 N.C. 705, 57 S.E. 465; *Dobson v. Simonton,* 100 N.C. 56, 6 S.E. 369; *Isler v. Brown,* 69 N.C. 125. Judgments of the lower court have been held to be *erroneous* in a number of cases where its rulings were inconsistent with prior appellate decisions. *Alexander v. Brown,* 239 N.C. 527, 80 S.E. 2d 241; *Maddox v. Brown, supra; O'Briant v. Lee,* 214 N.C. 723, 200 S.E. 865; *Stanback v. Haywood,* 213 N.C. 535, 196 S.E. 844. The Supreme Court has, in at least two cases, held judgments by the lower court to be *irregular* where they undertook to modify prior opinions of Supreme Court. *Murrill v. Murrill,* 90 N.C. 120; *Calvert v. Peebles,* 82 N.C. 334.

"Upon the plainest principle, the courts, whose judgments and decrees are reviewed by an appellate court of errors, must be bound by and observe the judgments, decrees and orders of the latter court, within its jurisdiction. Otherwise the courts of error would be nugatory and a sheer mockery. There would be no judicial subordination, no correction of errors of inferior judicial tribunals, and every court would be a law unto itself." *Murrill v. Murrill, supra.* This is established principle. But there is no rule of thumb for classifying non-conforming judgments as to whether they are erroneous, irregular or void. Of course general principles apply. 2 McIntosh: North Carolina Practice and Procedure, ss. 1713, 1714, 1715, pp. 163-166. But decisions have undoubtedly taken into consideration the circumstances of the particular case, and the necessity for doing justice.

5B C.J.S., Appeal & Error, s. 1993, p. 646, states the general rule thus: "While such action may constitute reversible error, the failure of the trial court to follow the decision or the mandate of the appellate court does not generally render the action of the trial court completely void or invalid but merely erroneous. Under some circumstances, how-

ever, proceedings in the trial court on remand of a cause which are contrary to the express directions or mandate of the appellate court must be treated as null and void." In *Gridley v. Wood,* 137 N.E. 251 (Ill. 1922), the trial court entered judgment inconsistent with the mandate of the appellate court. On second appeal the appellate court said: ". . . (W)hether the court intended to follow the directions of the Appellate Court or not, the decree entered by it was not void. If it did not conform to the directions of the Appellate Court, the decree was erroneous and was subject to be reversed on appeal. . . ." See also: *In re Waters of Doan Creek,* 299 P. 383 (Wash. 1931); *Patterson Land Co. v. Lynn,* 199 N.W. 766 (N.D. 1924): *Gayheart v. Childers,* 125 S.W. 1085 (Ky. 1910). *Fischer v. Blank,* 31 N.Y.S. 10 (1894) is very similar to the case at bar, and involves injunction and a contempt order. The lower court had entered a non-conforming judgment. The appellate court said: ". . . (I)f the court did not follow the decision of the court of appeals in reference to the modification of the injunction, that fact did not make its action void. The proper course for defendant was to have moved to vacate the order, and, if that was refused, to appeal. . . . The Court was not without jurisdiction; it was acting within its jurisdiction when it attempted to make the judgment of the court of appeals the judgment of this court. Erroneous action is never ground for attacking the jurisdiction of the court." Though the appellate court refers to the judgment as erroneous, it seems to indicate by the suggested procedure that it was irregular. There are many opinions from many jurisdictions, however, which hold inconsistent judgments and judgments which go beyond the mandate of the appellate court, absolutely void. *Eastern Iron and Metal Co., Ltd, v. Patterson,* 40 Hawaii 382 (1953); *Ethredge v. Diamond Drill Contracting Co.,* 93 P. 2d 324 (Wash. 1939); *A. L. Klemm & Son v. City of Winter Haven,* 192 S. 652 (Fla. 1939); *Lial v. Superior Court,* 23 P. 2d 795 (Cal. 1933).

Though it has been argued insistently to the contrary, we do not consider it absolutely essential that the judgment of Judge Joseph W. Parker be classified. If it is to be classified, we think its most logical resting place is among irregular judgments. The court had jurisdiction and authority to enter judgment in accordance with our opinion and attempted to do so, and nothing more. The judgment entered was not contrary to law, or upon a mistaken principle of law — so far as it went it conformed to the law of the case. It was contrary to the course of practice because it inadvertently failed to fully conform, in that it did not also expressly vacate the Hooks judgment. Defendant followed proper procedure by moving in the cause to set it aside.

COLLINS *v.* SIMMS.

Regardless of classification, however, when it comes to our attention that a lower court has failed to comply with the opinion of this Court, whether through insubordination, misinterpretation or inattention, this Court will, in the exercise of its supervisory jurisdiction, *ex mero motu* if necessary, enforce its opinion and mandate in accordance with the requirements of justice. N. C. Constitution, Art. IV, s. 8; *Wescott v. Bank*, 227 N.C. 644, 43 S.E. 2d 844.

From the general nature and content of defendant's motion Judge Morris might well have supposed that defendant was requesting him to re-open matters already decided in our former opinion, and to over-rule the judgments of other superior court judges — neither of which he had authority to do. But we are of the opinion that the motion is sufficiently broad to include the request that our former opinion be carried out and the judgment of the court be made certain. Indeed, it is high time that matters already decided be put at rest.

The court below will enter judgment in this cause in words and figures as follows: "It is adjudged and decreed: (1) That defendant is hereby enjoined and restrained from appearing at the Haven Creek Baptist Church, Manteo, North Carolina, and acting or attempting to act as its pastor at a religious service or at any other church meeting, so long as he is not its pastor; (2) that, for the purposes of this action, defendant is not, and will not be, pastor of said Haven Creek Baptist Church until there has been a final judicial determination in this cause or in another cause in a court of competent jurisdiction, that defendant has, on a date subsequent to 11 February 1960, been duly elected pastor of said church in accordance with and pursuant to the customs, usages and practices of said church; (3) that this judgment does not violate any of defendant's rights and privileges guaranteed to him by the North Carolina Constitution, Art. I, ss. 1, 17, 25, 26 and 37, and by the First and Fourteenth Amendments of the Constitution of the United States; and (4) that all judgments and orders heretofore made and entered in this cause in Superior Court, especially the judgments of Judges Hooks, Bone and Joseph W. Parker, are hereby vacated and set aside insofar as they, or any of them, are in conflict or at variance with this judgment."

Plaintiffs will pay one-half of the court costs in Supreme Court, and defendant will pay one-half of the court costs in Supreme Court.

For the reasons stated, and to the extent indicated, the judgment of Morris, J., entered at the October Term 1961 of the Superior Court of Dare County is

Reversed.

SHARP, J., took no part in the consideration or decision of this case.

PARKER, J. I concur in the result of the majority opinion, but I do not agree with the following statements in that opinion: "If it [Judge Joseph W. Parker's judgment] is to be classified, we think its most logical resting place is among irregular judgments. . . . It [Judge Joseph W. Parker's judgment] was contrary to the course of practice because it inadvertently failed to fully conform. . . ."

As a general rule, when an appellate court passes on questions and remands the case for further proceedings to the trial court, the questions therein actually presented and necessarily involved in determining the case, and the decision on those questions become the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal, provided the same facts and the same questions, which were determined in the previous appeal, are involved in the second appeal. *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673; *Bruce v. O'Neal Flying Service*, 234 N.C. 79, 66 S.E. 2d 312; *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366, 141 A.L.R. 1164; *Robinson v. McAlhaney*, 216 N.C. 674, 6 S.E. 2d 517; Strong's N. C. Index, Vol. 1, Appeal and Error, sec. 60, where many of our cases are cited; 3 Am. Jur., Appeal and Error, sec. 985.

"In every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but *obiter dicta*." *Hill v. Houpt*, 292 Pa. 339, 342, 141 A. 159, 160.

This Court said in *Goodson v. Lehmon*, 225 N.C. 514, 35 S.E. 2d 623, 164 A.L.R. 510:

> "This Court may, of course, render a final judgment here in proper cases, and occasionally does so; but it is not the practice to render judgment here unless it may be necessary to protect some right of the litigant parties in danger of *ad interim* defeat, or where it is demanded by the public convenience or welfare. Ordinarily, the opinion of the Court is certified down to the Superior Court of the county whence the appeal came, where a judgment in accordance with the opinion is entered. In that event, while the certified decision is binding on the court of original jurisdiction, the cause is not terminated until the authority of that court has been exercised."

On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure from the mandate of the appellate court. Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals. *Harrington v. Rawls*, 136 N.C. 65, 48 S.E. 571; *Robinson v. McAlhaney, supra; Cannon v. Cannon*, 226 N.C. 634, 39 S.E. 2d 821; 3

Am. Jur., Appeal and Error, sec. 1234, where many cases are cited supporting the text; 5B C.J.S., Appeal and Error, secs. 1966 and 1967, where many cases are cited supporting the text.

As a general rule "after the reviewing court has determined a case before it and remanded such case to the lower court, the latter is without power to modify, alter, amend, set aside, or in any manner disturb or depart from the judgment of the reviewing court, even during the continuance of the term in which it was rendered. The judgment of the higher court is not reviewable in any way by the court below, in the exercise of its equitable powers, or otherwise. The lower court cannot vary or examine the decree of the higher court for any other purpose than execution; give any other or further relief; review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. It can only proceed to execute the mandate and settle so much as remains to be done, without rescission or modification." 3 Am. Jur., Appeal and Error, sec. 1237. 5B C.J.S., Appeal and Error, sec. 1967 is to the same effect.

"If the trial court fails or refuses to comply with the appellate court's mandate, the latter may, broadly speaking, take any steps or issue any appropriate writ necessary to give effect to its judgment." 5B C.J.S., Appeal and Error, sec. 1994.

The Court said in *United States v. Pink,* 36 N.Y.S. 2d 961: "The power to compel obedience to its mandate is inherent in the appellate court itself. It exists quite independently of statute, and has been exercised since early times. Indeed, it is well settled that a trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith. Moreover, the appellate court, in the event of refusal of the trial court to carry its mandate into effect, may take any steps or issue any appropriate writ or order to compel obedience thereto."

A universal principle as old as the law is that the proceedings of a court without jurisdiction are a nullity. Authority is a prerequisite of judicial action. Jurisdiction is essential to a valid judgment. *Cannon v. Cannon, supra;* 14 Am. Jur., Courts, sec. 167.

We have held in the following cases that judgments of the superior court, which were entered not in strict accordance with a mandate of this Court on a prior appeal, were unauthorized because of lack of jurisdiction, and void. *Newberry v. Fertilizer Co.,* 206 N.C. 182, 173 S.E. 67; *Chavis v. Brown,* 174 N.C. 122, 93 S.E. 471; *Banking Co. v. Morehead,* 126 N.C. 279, 35 S.E. 593; *Black v. Black,* 111 N.C. 300, 16 S.E. 412; *Stephens v. Koonce,* 106 N.C. 222, 10 S.E. 996; *In re*

*Griffin,* 98 N.C. 225, 3 S.E. 515; *White v. Butcher,* 97 N.C. 7, 2 S.E. 59; *Cannon v. Cannon, supra,* (dictum).

The majority opinion states: "The Supreme Court has, in at least two cases, held judgments by the lower court to be *irregular* where they undertook to modify prior opinions of Supreme Court. *Murrill v. Murrill,* 90 N.C. 120; *Calvert v. Peebles,* 82 N.C. 334." I do not so understand these cases. The opinion in the *Murrill* case states:

> "It is very clear that it was the duty of the superior court to proceed in the case in that court, in strict accordance with the decree of affirmance in this court. Indeed, it had no authority to modify or change in material respect the decree affirmed. The latter decree is conclusive as to the matters embraced by it, and the court below had no power to review, correct or modify it. Any further action taken in the case must be in pursuance of and consistent with it.
>
> "Upon the plainest principle, the courts, whose judgments and decrees are reviewed by an appellate court of errors, must be bound by and observe the judgments, decrees and orders of the latter court, within its jurisdiction. Otherwise the court of errors would be nugatory and a sheer mockery. There would be no judicial subordination, no correction of errors of inferior judicial tribunals, and every court would be a law unto itself.
>
> "Appellate courts of errors are founded upon the fundamental principle and theory, and to the end that the errors of subordinate judicial tribunals shall be corrected by them in the orderly course of judicial procedure; the law applicable to the cases before them is unalterably settled and applied by their judgments and decrees, until and unless these be altered by themselves in a proper proceeding for the purpose, or by some proper action attacking them for fraud, mistake, or other like consideration as may be allowed by law. This view is in accordance with that of this court in *Calvert v. Peebles,* 82 N.C. 334. In that case the court, *Mr. Justice Ashe* delivering the opinion, said, 'when this court announced by its decision that there was no error in the judgment of the court below, that court had no right or power to modify that judgment in any respect. It could only be done by direct proceeding alleging fraud, mistake, imposition, &c.' To the like effect are the cases of *State v. Lane,* 26 N.C. 434; *Grissett v. Smith,* 61 N.C. 297; *Perry v. Tupper,* 71 N.C. 380."

I am fortified in my opinion by what this Court said in *Tussey v. Owen,* 147 N.C. 335, 61 S.E. 180, in respect to these two cases:

> "When this case was here before, 139 N.C. 457, we declared

that there was error and that the Superior Court should have entered a judgment of nonsuit. The judgment of this Court was duly certified to the court below, with directions to proceed further in the cause in accordance with the opinion by which the nonsuit had been ordered. The nonsuit was ordered, not upon the pleadings, but upon the evidence, under the provisions of the statute (Revisal, sec. 539.) It was in law equivalent to a reversal of the judgment below and a direction to dismiss the action. *Hollingsworth v. Skelding,* 142 N.C. 246; *Bowden v. R. R.,* 144 N.C. 28. It was therefore the duty of the Superior Court, when it received the certificate of this Court, with the accompanying opinion, to dismiss the action in accordance with the mandate of the judgment delivered here. It had no power to proceed otherwise than as directed in that judgment, and especially did it not have the power to proceed in a manner inconsistent therewith. The cases to this effect are numerous. *Calvert v. Peebles,* 82 N.C. 334; *Murrill v. Murrill,* 90 N.C. 120; *Brendle v. Herren,* 97 N.C. 257; *Pearson v. Carr,* 97 N.C. 194; *Dobson v. Simonton,* 100 N.C. 56; *Stephens v. Koonce,* 106 N.C. 222; *Herndon v. Ins. Co.,* 108 N.C. 648; *Black v. Black,* 111 N.C. 300. In *McCall v. Webb,* 126 N.C. 760, this Court held that after final judgment in the Supreme Court it is too late to set up a new cause of action by amendment of the complaint, and in *White v. Butcher,* 97 N.C. 7, this Court refused to permit any change in the pleadings for the purpose of introducing new matter into the case after it had been finally decided upon the merits. 'The controversy adjusted in this Court could not be reopened in the court below, as seems to have been attempted, by new pleadings introduced or by permitting anything to be done inconsistent or at variance with the rulings here made.' *White v. Butcher,* 97 N.C. 10.

"In *Murrill v. Murrill, supra,* it is suggested that the refusal of the Superior Court to obey the mandate of this Court is not reviewable by appeal, as there is nothing to be reviewed, the proper remedy being by *mandamus,* following *Ray v. Ray,* 34 N.C. 24. In this case the Superior Court eventually did what should have been done when the judgment and opinion of this Court were certified to and received by the court below."

The majority opinion states: "But we have held judgments, which indicated the judge misunderstood and misinterpreted the opinion of this Court on former appeal and gave it broader significance or narrower scope than we intended, to be erroneous. *Robertson v. Robertson,* 255 N.C. 581, 122 S.E. 2d 385; *Cannon v. Cannon,* 226 N.C. 634,

39 S.E. 2d 821; *Durham v. Cotton Mills,* 144 N.C. 705, 57 S.E. 465; *Dobson v. Simonton,* 100 N.C. 56, 6 S.E. 369; *Isler v. Brown,* 69 N.C. 125."

In my opinion, the cases cited do not support the statement of the majority opinion.

In the *Isler v. Brown* case at the Spring Term 1872 of the court below there was judgment for plaintiff, and defendant appealed to the Supreme Court. At the June Term of the Supreme Court the judgment was affirmed. At the Spring Term 1873 of the court below, defendant moved to vacate the judgment rendered against him at the Spring Term 1872 upon the ground of mistake, and his Honor vacated the judgment and granted a new trial, from which plaintiff appealed to this Court. The Court in its opinion said:

> "In this there was error. There was no judgment below which his Honor could vacate. The appeal to this Court vacated the judgment below, and then there was judgment in this Court at June Term, 1872, in favor of the plaintiff.
>
> "There being no judgment below to vacate, and his Honor having no power to vacate the judgment of this Court, it follows that the order below vacating the judgment and granting a new trial was erroneous."

If his Honor below *had no power to vacate the judgment of this Court,* his order was not erroneous but void, because authority is a prerequisite of judicial action.

In the *Dobson v. Simonton* case, the Court held the superior court has no right to disturb a judgment which has been affirmed by the Supreme Court. As I read the case of *Durham v. Cotton Mills,* it does not support the statement for which it is cited, and the statement in the fourth headnote of that case in our Reports to the effect a judgment entered by the court below, supposed to be in conformity with a former order of this Court, but *erroneous,* is not supported by the language of the opinion, for nowhere in that opinion is a statement that an order entered by the court below not in conformity with a mandate of this Court is erroneous. As I read the *Cannon v. Cannon* case, it does not support the statement in the majority opinion for which it is cited, but a *dictum* in that case supports my view, which will appear below.

In the *per curiam* decision of the *Robertson v. Robertson* case, cited in the majority opinion, appears this *dictum:* ". . . but if the court had misunderstood what was then said [in the decision on the former appeal], and because of such misunderstanding failed to submit an issue locating all the boundaries of the property, the judgment entered

on the verdict would not be void. It would merely be erroneous. 5B C.J.S. 646-7."

5B C.J.S., Appeal and Error, sec. 1993, page 646, reads:

> "The failure to follow the decision or comply with the mandate of the appellate court generally renders the action of the trial court erroneous, and may constitute reversible error.
>
> "While such action may constitute reversible error, the failure of the trial court to follow the decision or the mandate of the appellate court does not generally render the action of the trial court completely void or invalid but merely erroneous. Under some circumstances, however, proceedings in the trial court on remand of a cause which are contrary to the express directions or mandate of the appellate court must be treated as null and void."

In note 8 under section 1993 appear two cases, one from North Dakota, and one from Washington, *In re Waters of Doan Creek in Walla Walla County,* 162 Wash. 695, 299 P. 383. In this Washington case the decision seems to have been controlled by a state statute, and in the later case of *Etheridge v. Diamond Drill Contracting Co.,* 200 Wash. 273, 93 P. 2d 324, the Supreme Court of Washington said:

> "In remanding the cause to the trial court it was the duty of the trial court to comply with the mandate of this court. Such mandate must be strictly followed and carried into effect according to its true intent and meaning, as determined by the directions given by this court. Proceedings contrary to the mandate must be treated as null and void. *Gudmundson v. Commercial Bank & Trust Company,* 160 Wash. 489, 295 P. 167; 3 Am. Jur., page 730, § 1234."

Sec. 1994, page 647, is entitled Remedy.

Whatever the law may be in other jurisdictions, in my opinion, the law in this jurisdiction is firmly settled by many decisions that a judgment or an order of the superior court, which does not strictly conform to a mandate of this Court upon a prior appeal, is null and void. None of our decisions that I have been able to find, and this includes our cases cited in the majority opinion, when rightly read, hold otherwise, though some loose language and *dicta* have been used in some of the opinions. I cannot agree to what is in effect the overruling of a long, unbroken line of our decisions for over a century, which, speaking realistically, is done by the statement in the majority opinion: "If it [Judge Joseph W. Parker's judgment] is to be classified, we think its most logical resting place is among irregular judgments."

Why do I write this lengthy opinion merely to express my disagreement with a *dictum* in the majority opinion? My answer is this: I believe that it is a reasonable assumption that after the filing of the majority opinion superior court judges will consider a judgment like Judge Joseph W. Parker's judgment here as irregular. If one superior court judge enters a judgment in a case not in conformity with a mandate of this Court on a prior appeal in the case, and if such judgment is irregular, and a motion is made in the case before another superior court judge to set it aside for irregularity, then the second judge must consider the rights of innocent third persons, if any, who have acquired interests under a judgment not conforming with a mandate of this Court on a prior appeal in the case, and see that they are protected, and further, determine whether the movant has acted within a reasonable time to protect his rights. *Coffin Co. v. Yopp*, 206 N.C. 716, 175 S.E. 164; McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 2, sec. 1715— Vacating an Irregular Judgment. This could entail protracted and expensive litigation, and in certain cases make the mandate of this Court on a prior appeal in the case nugatory.

If a judgment of a superior court judge not in conformity with a mandate of this Court on a prior appeal in the case is erroneous, and a motion is made before another judge as here, then the second judge has no power to do anything, because an erroneous judgment entered by one superior court judge cannot be modified, reversed or set aside by another superior court judge, *Davis v. Jenkins*, 239 N.C. 533, 80 S.E. 2d 257, and the remedy to obtain redress from an erroneous judgment is by appeal, *Menzel v. Menzel*, 250 N.C. 649, 110 S.E. 333, and, further, a superior court judge is not vested with the constitutional power, as we are by the N. C. Constitution, Art. IV, sec. 8 "to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." However, if the judgment of the first superior court judge is not in conformity with the mandate of this Court on a prior appeal in the case and is null and void, as I believe it is under our decisions, then another superior court judge can treat the judgment of the first judge as a nullity, and enter a judgment to conform with the mandate of this Court on a prior appeal in the case. *Carter v. Rountree*, 109 N.C. 29, 13 S.E. 716; *Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460. I think the question as to whether Judge Joseph W. Parker's judgment is void is squarely presented to this Court for decision, and should have been held null and void.